THE CENTRAL RAILROAD vs. SEARS.

[SPEER, Justice, having been of counsel, did not sit in this case. Judge Simmons, of the Macon circuit, was designated to preside in his stead.]

In an action by a widow for the homicide of her husband, it was error to instruct the jury as matter of law that they should add interest to whatever amount of damages they might find at the date of the homicide. The question of increasing damages in such a case was for the jury.

Railroads. Damages. Charge of Court. Before H. K. McCAY, Esq., Judge *pro hac vice*. Spalding Superior Court. August Adjourned Term, 1880.

Reported in the decision.

A. R. LAWTON; JOHN I. HALL, for plaintiff in error.

B. H. HILL & SON; R. H. JOHNSON; E. W. BECK, for defendant.

SIMMONS, Judge.

Mary J. Sears, the defendant in error, instituted her action in the superior court of Spalding county, to recover damages for the homicide of her husband, Joseph G. Sears, by and through the carelessnes and negligence of the agents and servants of the corporation, the plaintiff in error. It appears from the record that said Sears was also an employè of said corporation, and was the conductor of the train at the time of his death. The declaration alleges, however, that his death was caused without fault or negligence on his part, but by the fault and negligence of his co-employès.

At the August term, 1880, of Spalding superior court, a trial was had before the Hon. H. K. McCay, judge *pro hac vice*, and the jury returned a verdict in favor of the plaintiff, for the sum of six thousand two hundred and seventy dollars. A motion for a new trial was made by the defendant on several grounds, which are set out in the record; the motion was refused and the defendant excepted, and assign as error the refusal to grant said new trial upon each and all of the said grounds.

In the view we have taken of the entire case, it is unnecessary for us to pass upon any of these grounds except the fourth, which is as follows:

4th. Because the court erred in charging the jury as follows: "I have been requested by counsel for defendant to charge you upon the subject of increasing the damages in this case on account of the fact that much delay has been caused by the defendant in this case. I do not see why this case is in any manner different from other cases, and if the plaintiff is entitled to recover damages she was entitled to that amount at the time of the death of her husband; say, for instance, should you find six thousand dollars damages, or any other sum, on the principles indicated, then I charge you that you may calculate the interest on that sum from the time of the death of Mr. Sears

up to the present time, and when you do this you may add the interest to the principal, and should not keep the same separate, but should bring in your verdict for the two amounts added together as damages, should you find for the plaintiff; for I hold the law to be that the plaintiff is entitled to interest on the amount of damages to which she is entitled if you find in her favor."

The charge of the court complained of asserts the legal proposition that the plaintiff, as a matter of law, has a right to interest on whatever damages the jury may find she is entitled to. We think that was error. It is held in actions of *tort* the jury may in their discretion calculate interest on the damages actually sustained, and add it to their verdict, but it has long been a controverted question, whether in actions of *tort* interest should be given as matter of right in addition to the damages.

In trover and conversion, where property has been taken and converted, the plaintiff has been considered as entitled to have interest calculated by the jury and added to the actual damage, thus making the full measure of his rights, but this rule has never been applied, as far as we can ascertain, to other classes of *torts* where no property was taken or involved, and where the question was one of damages purely unliquidated and to be assessed by the jury. The rule, even in cases where property is involved, is to leave the question to the jury, not only as to the damages but the interest. See Hilliard on Remedies for Torts, page 506–7, and cases there cited ; also, 45 Barb., N. Y. R., page 41.

In 45 Barbour, the court say : " Where the jury are instructed on an action for negligence to award the damages the plaintiff has sustained, the court may leave it to them to say whether on such damages the plaintiff is entitled to interest ; but it is erroneous to instruct them, as matter of law, that the plaintiff is entitled to recover interest on the damages."

" Interest is recoverable as matter of law, where it can

be claimed by way of contract, or as damages which the party is legally bound to pay for the detention of money or property improperly withheld ; but where it is imposed to punish negligence, tortious, or frandulent conduct, it is a question within the discretion of the jury." Notes to the case of Selleck *vs*. French, 6 American Decisions, page 196, and cases there cited ; also notes to same case, 1 American Leading Cases, page 511.

In the case at bar the damages claimed were uncertain and unliquidated. The plaintiff below sued for forty thousand dollars. The defendant denied any indebtedness or any liability. The jury alone could determine the issue between them. Until the jury has passed upon the issue in accordance with law, the amount to which she is entitled, if anything, remains unliquidated, and as we have seen does not bear interest. We do not say that the jury, in reaching the amount of damages, when they have first determined under the law and the evidence that she is entitled to recover, would not be authorized to consider the length of time from the homicide to the trial, the character of the injury, the conduct of the defendant's agents, and all other circumstances connected with the injury, in order to arrive at the proper amount of damages. It being for the jury to find the damages, it was error in the court to charge them, as matter of law, that the plaintiff was entitled to have the verdict supplemented by interest from the death of Sears to the trial ; so we grant a new trial, reversing the decision of the court below refusing to grant the new trial as prayed for.

Judgment reversed.