### BARRETT *v.* VERDERY.

The evidence fully establishing the making of the contract declared upon and its breach, the plaintiff was entitled to recover as damages the difference between the value of the interest sold, at the time the breach occurred, and the amount which the defendant had contracted to pay for that interest. There was evidence tending to show that this difference amounted to as much as $386.50. The special pleas of the defendant were no answer to the action.

December 18, 1893.

Complaint.    Before Judge Eve.    City court of Rich-
mond county.    May term, 1893.

Supplementing the statement of this case appearing
in 89 *Ga.* 349, it is proper to add, that at the last trial
plaintiff further amended his declaration, alleging that
after the organization of the Electric Light Company of
Augusta, plaintiff and his associates acquired a charter
and put their apparatus and machinery into operation;
that after defendant refused to pay his subscription, the
amount to which plaintiff was entitled was set apart to
him, also that subscribed for by defendant, plaintiff hold-
ing the latter for defendant's account, and he continues
to hold defendant's interest in said company; that the
company subsequently sold out its property to the Au-
gusta Electric Company for one sixth of the capital, or
thirty shares, and in the subsequent distribution of its
assets plaintiff has received about $100 to which defend-
ant is entitled when he pays the amount of the obliga-
tion in question, plaintiff being willing to give him
credit on the verdict to be rendered in this case.

One of defendant's special pleas set up, that his agree-
ment to take an interest in the patents was based on the
terms and conditions of the deed of the American Elec-
tric Light Company, which expressly provided that
plaintiff was to organize, within a year from the date of
the deed, a corporation to succeed to his rights there-
under; but said corporation was not formed as condi-
tioned by the deed, and plaintiff is without any title to
the property therein specified.    The other special plea
alleges, that whereas plaintiff sues on an alleged promise
made in February, 1882, to pay him $500 for an interest
in patents and property sold him on December 10, 1881,
by the American Electric Light Co., yet on November
3, 1884, he and his associates sold the patents and prop-
erty to the Augusta Electric Company for one sixth of
the capital stock of that company, thirty shares.    In the

case of the Fuller Electrical Company against Graham *et al.*, a bill filed in the superior court of Richmond county July 22, 1885, plaintiff was one of the defendants, and answered under oath, September 29, 1885, that he and his associates had made said sale of November 3, 1884. By the final decree in that cause, August 20, 1886, all persons interested, plaintiff among them, consenting, it was adjudged that all the patent rights, franchises and electrical property belonging to Barrett and his associates November 3, 1884, and then sold as above mentioned, belonged to and were vested in the Augusta Electric Company, free from any lien or encumbrance in favor of plaintiff and his associates, and that as the purchase price thereof plaintiff and his associates were entitled to the one sixth of the capital stock mentioned above. On October 8, 1888, the stockholders of the Augusta Electric Company, the corporate name of which had at that time been changed to the American Illuminating Company, sold their stock to the Thomson-Houston Electric Company, at the rate of four shares of the stock of the illuminating company for one share of the stock of the Thomson-Houston company, the Thomson-Houston company agreeing to pay the holders of said stock $90 per share two years after the sale. Plaintiff and his associates were at the time of this sale stockholders in said illuminating company, participated in the sale, and received, for their thirty shares of the illuminating company's stock, seven and one fourth shares of the Thomson-Houston company's stock, Clarke, one of plaintiff's associates, holding said seven and a half shares as agent, and continuing to do so for the two years. On March 10, 1891, the Thomson-Houston company paid Clark, as agent, for the seven and one fourth shares $675, and on March 18, 1891, Clarke paid plaintiff $459 in full of the amount due him out of the $675, the same being for seventeen twenty-fifths of said

patents, etc.   Wherefore, if ever any contract such as is sued on existed between plaintiff and defendant, the obligation thereof has ceased.

For the other facts see the decision.

WILLIAM K. MILLER, for plaintiff.

E. F. VERDERY and SALEM DUTCHER, for defendant.

SIMMONS, Justice.

It appears from the declaration that the defendant contracted with the plaintiff for the purchase of an interest in certain patent rights held by the plaintiff under a license from the American Electric Light Company of New York, agreeing to pay $500 therefor, but subsequently refused to accept or pay for the same; and the plaintiff seeks to recover upon this contract. The case came to this court upon exceptions to the overruling of a demurrer to the declaration, and the judgment of the court below was affirmed. (89 *Ga.* 349.) A trial was then had before the judge without a jury; a motion to strike the defendant's special pleas on the ground that they contained no defence to the action, was overruled; and the court, after hearing the evidence, rendered judgment for the defendant. The plaintiff made a motion for a new trial, which was overruled, and to this ruling he excepted. He excepted also to the refusal of the court to strike the defendant's special pleas.

We think the court erred in refusing to strike these pleas. The defences set up therein were based upon matters arising subsequently to the refusal of the defendant to comply with his contract. If the rights the plaintiff had contracted to sell were forfeited, as averred in one of the pleas, by his failure to organize, within a year from the date of his license, a corporation which should succeed to his rights under the license, the forfeiture could not have occurred prior to the defendant's

v 93 34

refusal to take the interest contracted for, as the year had not then expired, the license being dated December 10th, 1881, and the refusal having taken place in the following February. A breach of contract cannot be justified by anything the other party to the contract may have done or omitted to do afterwards. If the defendant had no legal ground for refusing to comply with his contract at the time of such refusal, the right of action which then accrued to the plaintiff would not be defeated by any subsequent forfeiture of the plaintiff's rights under the license, nor by his subsequent dealings with the interest which the defendant had contracted to take.

That the contract declared upon was a valid contract, the breach of which would entitle the plaintiff to recover, was decided when the case was here before. (89 *Ga.*, *supra.*) The contract and the breach of it as alleged being fully established by the proof, and the defendant having failed to establish a valid defence to the same, the plaintiff was entitled to a judgment for at least nominal damages and costs. "In every case of breach of contract, the other party has a right to damages," and "if there be no actual damages, the plaintiff can have nominal damages, which will carry the costs." (Code, §2946; *National Exchange Bank* v. *Sibley*, 71 *Ga.* 727(4), 733; *Kenny* v. *Collier*, 79 *Ga.* 743, 745.)

It follows from what has been said that a new trial should be awarded. Whether the plaintiff would be entitled to actual damages or not, would depend upon whether at the time the breach of contract occurred the salable value of the interest contracted for was less than the contract price. If it was, the plaintiff would be entitled to recover the difference, this measure of damages being applicable where the vendor has retained as his own the property sold, upon the refusal of the vendee to take the same, as was done in this case. Tiedeman on Sales, §333. When the decision in this case

was announced, we thought there was evidence tending to show that this difference amounted to as much as the sum stated in the head-note; but this was not absolutely adjudicated, and the process by which the result was reached need not be examined.    *Judgment reversed.*