# THE WASHINGTON AND GEORGETOWN RAILROAD COMPANY

*v.*

# HICKEY.

TRIAL; INSTRUCTIONS TO JURY; NEGLIGENCE; HUSBAND AND WIFE; INTEREST AS DAMAGES.

1. In an action to recover damages for personal injuries alleged to have been caused by the concurrent negligence of two railroad companies, it is not error for the trial court to instruct the jury

that if upon the whole evidence they should find the plaintiff entitled to recover, they could find their verdict against both the defendants, or against one of them only, as they might find the evidence to justify.

2. A husband may, in a suit by him to recover damages for injuries inflicted upon his wife, recover for the loss of the services and of the society of his wife, and also the costs and expenses incurred by him for medical attendance, nursing, and the like.

3. The jury may, in their discretion, in such a case, allow in their verdict interest on the money actually laid out and expended by the plaintiff, by way of damages.

No. 731. Submitted January 7, 1898. Decided February 9, 1898.

HEARING on an appeal by one of two defendants from a judgment on verdict, in an action by a husband to recover damages for loss sustained by him for injuries to his wife. *Affirmed.*

The Court in its opinion stated the case as follows:

This is an action by a husband, the present appellee, John P. Hickey, against two railroad companies, one of which is the present appellant, to recover for injuries received by the wife of the plaintiff, occasioned, as it is alleged, by the concurrent negligence of the defendants; the plaintiff claiming to recover by reason of the injury to the wife, for the loss of services and the society of his wife, for money expended in medical and servants' attendance upon the wife during her disability caused by the injury, for medicines purchased, and for his own personal care, to the neglect of his business, &c.

The defendants severally pleaded not guilty.

An action by the husband and wife in which a recovery was had against the defendants for the injuries received by the wife, was heretofore brought and is found reported in 5 App. D. C. 436; and as affirmed on writ of error to the to the Supreme Court of the United States, in 166 U. S. 521. The recovery in that case was against both of the defendants, but in the present action the verdict was against the Washington and Georgetown Railroad Company alone, and

in favor of the Baltimore and Potomac Railroad Company, the other defendant, and the former company has appealed from the judgment rendered on the verdict against it.

The facts as shown in proof in the present case are substantially the same as those shown in the former case by husband and wife, and the instructions given by the court to the jury, on the issue of negligence and the right of the plaintiffs to recover, are substantially the same in both cases; with the exception of those relating to the measure of damages, and the elements that could be considered in estimating the amount of damages that the husband could recover in the present action.

It is unnecessary to recite in detail the facts of the case. They are fully set out, with the instructions of the court thereon, in the report of the former case, in 5 App. D. C. 436.

It will suffice to state, that Mrs. Hickey, the wife of the plaintiff, was a passenger in the street car of the defendant, the Washington and Georgetown Railroad Company, and the driver of the car approached and attempted to cross the tracks of the Baltimore and Potomac Railroad (a steam railway), at the intersection of Seventh street and Maryland avenue in this city, when a locomotive and a train of cars on the steam car railway was approaching the crossing; and in the attempt to drive the street horse car over the crossing, great alarm was created among the passengers on the car, in terror of what appeared to be an inevitable collision. And in this state of alarm, and in the presence of what seemed to be an imminent peril to life or limb, Mrs. Hickey was either pushed out or attempted to jump from the car, and fell, and was very seriously injured. The injury sustained was a compound dislocation of the ankle joint; and she was confined to her bed three or four months, and to her room for more than five months. She was attended for a time by several physicians, and during the whole time of her confinement by the family physi-

cian, Dr. Hazen; and the expense to the husband, for attendance of physicians, and for nursing, and medicines necessary for the cure of the wife, amounted to a considerable sum. Besides this, the husband was required to give constant attention to his injured and disabled wife during the time that she was confined to her bed. And after getting out of bed, she was for a considerable time only able to get about by the aid of a crutch or cane. She is still lame.

Both parties, plaintiff and defendants, asked for specific instructions to the jury, and while some of the prayers offered were rejected by the court, the case was very fully and apparently very fairly, presented by the court to the jury, in all its aspects, as to the rights of the plaintiff and defendants in the present case.

The defendant company, against which the verdict was found, and who brings this appeal, assigns only three errors upon the instructions granted at the instance of the plaintiff; and these errors are the following:

1st. That there was error committed by the court in granting the fourth prayer of the plaintiff instructing the jury that they might find a verdict against both defendants, or against either of them according to the evidence.

2d. In granting the plaintiff's fifth prayer, instructing the jury that they might include in their verdict an item for the loss to the plaintiff of his wife's society; and,

3d. In granting the plaintiff's sixth prayer, instructing the jury that they might calculate interest on moneys actually paid out by the plaintiff on account of the injury to his wife, and incorporate such interest by way of damages into their verdict.

*Mr. Enoch Totten* and *Mr. W. D. Davidge* for the appellant:

1. At the former trial the present appellee, the appellant, and the Baltimore and Potomac Railroad companies were parties. The verdict and judgment of the court in that trial were against both railroad companies, thus fixing the

fact of concurrent negligence. It was error to litigate that question over again, or to leave it to the jury to say that one defendant was innocent and the other guilty. *Forsyth* v. *Hammond*, 166 U. S. 518; *Nesbitt* v. *Riverside Dist.*, 144 U. S. 610.

2. The court erred in instructing the jury that they might calculate interest on moneys actually paid out by plaintiff on account of the injury to his wife, and include such interest, by way of damages, in their verdict. The right to claim interest upon any demand, whether arising out of contract or tort, is purely a matter of statute. See *Bank* v. *Bank*, 94 U. S. 438; *Perkins* v. *Fourniquet*, 14 How. 328; *Railroad Co.* v. *Tobriner*, 147 U. S. 571; *Costello* v. *D. C.*, 21 D. C. 513.

*Mr. George E. Hamilton* and *Mr. M. J. Colbert* for the appellee:

The instruction allowing the jury to include in their verdict, by way of damages, interest on sums expended by plaintiff on account of the injury to his wife, was proper. *Lindsey* v. *Danville*, 46 Vt. 145; 2 Sedgwick on Damages, 190; *The Scotland*, 118 U. S. 507; *Frazer* v. *Carpet Co.*, 141 Mass. 126; *Lincoln* v. *Claflin*, 7 Wall. 139; *Duryee* v. *New York*, 96 N. Y. 477; *Railroad Co.* v. *Sears*, 66 Ga. 499; *Black* v. *Railroad Co.*, 45 Barb. 40. See, also, notes to case of *Selleck* v. *French*, 6 Am. Dec. 196; *Railroad Co.* v. *Cobb*, 35 Ohio St. 94; *Bare* v. *Hoffman*, 79 Pa. St. 71.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

1. It is rather difficult to fully comprehend the ground upon which the first assignment of error is based. By the granting of the fourth prayer of the plaintiff, the jury were simply instructed that if, upon the whole evidence, they should find the plaintiff entitled to recover, they could find their verdict against both the defendants, or against one of

them only, *as they might find the evidence to justify.* There was abundant evidence to be considered by the jury as to the negligence of both defendants; and this being an action of tort, the right of recovery was both joint and several. And while the verdict, *in view of the facts of the case,* may well be the subject of remark or criticism, in acquitting one defendant and finding the other guilty of negligence in producing the injury, yet, as matter of law, the instruction of the court was entirely correct. The same instruction was given by the court, and approved on appeal, in the former case, brought by the husband and wife. In that case, it was granted as the fifth prayer offered by the plaintiffs. 5 App. D. C. 442, 443; 166 U. S. 521. The first error assigned, therefore, cannot be sustained.

2. The second error assigned has no better foundation for its support than the first. The fifth prayer of the plaintiff, as granted by the court, hardly embraced all the elements of damages that the jury might well have been allowed to consider, in view of the evidence before them. By the prayer, the jury were instructed that they should award such damages as would fairly and reasonably compensate the plaintiff for the actual financial loss sustained by him, by reason of the injuries to his wife, including the costs reasonably incurred by the plaintiff for medical attention, medicines and appliances for his said wife, and also including such sum as would fairly and reasonably compensate him for the loss of his wife's society during the period that she was disabled, and including the expenses reasonably incurred in the employment of nurses and servants by reason of his wife's disability; and also such sum as would fairly compensate him for loss of time from his business in consequence of his wife's disability, if any such the jury should find from the evidence.

The claim for the loss of services of the wife during the time of her disability, occasioned by the injury, appears to have been disallowed by the instruction given to the jury,

though such claim was made in the declaration. This disallowance for services of the wife, we are informed, was because there was some proof to show that the wife, at the time the injury was received, was in a state of impaired health; though it was shown by the testimony of the husband and of the family physician, that her health was at that time fairly good. The general principle, doubtless, is that the husband may, in a suit by him to recover damages for injuries inflicted upon his wife, recover for the loss of the services and of the society of his wife, and also the costs and expenses incurred by him for medical attendance, nursing and the like. *Matteson* v. *New York, etc., R. Co.*, 35 N. Y. 487; *Mowry* v. *Chaney*, 43 Iowa, 609; *Smith* v. *St. Joseph*, 55 Mo. 456. It is clear, therefore, the defendant had no good cause of objection to the prayer, and the error assigned thereon can not be sustained.

3. The third assignment of error presents a question as to the right of a jury, in their discretion, in making up their verdict, to take into consideration and allow interest on the money actually paid out for medical attendance, medicines, and nursing the wife, made necessary by the injuries received by her; and to incorporate such interest in the verdict by way and as part of the damages. The plaintiff is certainly entitled to be indemnified for the necessary and reasonable expenditure made by him; and it would seem to be a settled principle, in cases like the present, as well as in other cases of wrong, that the jury may, in their discretion, allow in their verdict interest on the money actually laid out and expended by the plaintiff, by way of damages. This principle is constantly applied in actions of trover, trespass, and case, and there is no reason why it does not equally apply in an action where money has been expended by reason of a personal injury inflicted. The decisions would seem to leave no doubt upon this question. *Thomas* v. *Weed*, 14 John. 255; *McIlvaine* v. *Wilkins*, 12 N. H. 475; *Lindsey* v. *Danville*, 46 Vt. 145; *Frazer* v. *Bigelow Carpet Co.*, 141 Mass. 136;

*Duryee* v. *New York*, 96 N. Y. 477; *Railroad* v. *Sears*, 66 Ga. 499; *Lincoln* v. *Claflin*, 7 Wall. 139. It is true that, in actions of tort, at least in this jurisdiction, interest is not allowable upon the judgment recovered. *Washington and Georgetown R. Co.* v. *Harmon*, 147 U. S. 571. But that is quite a different question from that here presented. Whether a judgment bears interest or not is purely a legal question, that can only be decided by the court. But in actions of tort, interest can only be allowed as damages, and whether it shall be allowed or not rests entirely in the discretion of the jury, in arriving at what is a fair and just indemnity of the plaintiff for the wrong suffered.

Finding no error, the judgment must be affirmed; and it is so ordered.                *Judgment affirmed.*