## GRESS LUMBER COMPANY *v.* COODY.

1. In the trial of a suit for damages for a trespass to realty, it was not error for the court to charge the jury, in effect, that if they found that the plaintiff was entitled to damages, they might, if they saw proper, add thereto interest on the same from the time such damages accrued to the date of their finding and embrace the whole in one amount.
2. The verdict was supported by the evidence, and the court did not err in overruling the motion for a new trial.

Submitted April 30, — Decided May 26, 1898.

Action of trespass. Before Judge Littlejohn. Dodge superior court. September term, 1897.

Coody sued the Gress Lumber Company for damages from cutting and removing timber from certain land to which he claimed title. At the trial counsel for the defendant, at the beginning of the argument to the jury, stated that it was admitted that a prescriptive title to the land had been shown in the plaintiff, and that the only issue in the case was whether or not McArthur and Griffin, under whom the defendant claimed, had acquired a good title to the timber by their purchase through W. B. Sapp from Sewell. According to the plaintiff's testimony, the land originally belonged to Paul Jones, who died in 1862 or 1863, leaving a widow and one child, Elijah Jones, living upon the land, and she remained upon it, with Elijah, as long as she lived. Sewell married the widow, and in 1868 was appointed guardian of Elijah. The possession of the land was claimed in the right of the widow and Elijah, Sewell making no claim to it in his own right. Sapp testified that he bought the timber in question from Sewell, for McArthur and Griffin, and paid him for it, paying $1 per acre for 134 acres; and Sewell was then in possession and control of it. There was no written lease or conveyance to McArthur and Griffin. In 1881 McArthur and Griffin executed a written lease of the timber to Steele & Co., under whom the defendant claimed. In 1884 Elijah, having then attained his majority, gave a receipt to Sewell, as follows: "Received of John S. Sewell, my former guardian, 100 acres of land [describing it] which was received by my guardian, the said John S. Sewell, from the estate of my father, Paul Jones; also 33 1/2 acres of the same lot [de-

scribing it], being my interest in my mother's estate, all of which I received in full and final settlement of demands I hold against the said John Sewell as my guardian. Witness my hand and seal," etc. The land referred to in this receipt was the land from which the timber in question was cut. In 1885 Elijah Jones executed to the plaintiff a deed to the land in question, and the plaintiff claims under this deed. The plaintiff testified that before he bought the land he heard that the timber on it had been sold, and he went to the ordinary's office, a few days before the deed was made to him, and made a careful examination to see if it had been sold or if there was any order to sell it, and there was no order granted to sell the land or the timber. There was no incumbrance on it, and he requested Elijah to have a settlement with his guardian, so that he could make a deed to the land. The defendant cut the timber in the latter part of 1886 or the first part of 1887. The plaintiff testified that he told the defendant's agent, Morgan, that he (plaintiff) owned the timber, and not to cut it. Morgan denied that the plaintiff made any objection to his cutting the timber. Sapp testified that he thought the timber was worth $150 when he bought it. He bought a great deal of timber there for $2 an acre, buying for speculation. There was a verdict for the plaintiff for $471.25, rendered on Sept. 17, 1897. The defendant's motion for a new trial was overruled, and it excepted. The grounds of the motion are shown by the opinion.

*DeLacy & Bishop,* for plaintiff in error.

*D. M. Roberts,* by *Harrison & Bryan,* contra.

SIMMONS, C. J. 1. Coody brought his action against the Gress Lumber Company for damages sustained by reason of trespass upon his land. There was a verdict for the plaintiff. To the overruling of its motion for a new trial the defendant excepted. One of the grounds of the motion was, that the court erred in charging: "If you should find from the evidence that the plaintiff is entitled to a certain amount of damages, then you have a right, if you see proper (and that is left with the jury), to go further with your investigation and ascertain

what amount of interest has accrued from the time that damage was sustained, and render that with your verdict.   Calculate the interest upon the amount that you find the plaintiff is entitled to recover from the time of the damages up to the time of the rendition of your verdict, and add it in as a part of your verdict."

In all cases of tort of this character it is within the discretion of the jury to take into account interest as part of the damages and add it to their verdict, but not to give it as interest eo nomine.   The court, therefore, did not err in charging the jury as above set out.   *Central Railroad* v. *Sears,* 66 *Ga.* 499;  *W. & A. R. Co.* v. *McCauley,* 68 *Ga.* 818.

2. The finding of the jury was supported by the evidence; and the court did not err in overruling the motion for a new trial.          *Judgment affirmed.   All the Justices concurring.*