### 1074. WILLIAMS *v.* ROME RAILWAY & LIGHT CO.

1. The decision in this case is controlled by that in *Williams* v. *Rome Railway and Light Co.,* ante, 370, and by the ruling in *Glenn* v. *W. U. Tel. Co.,* 1 *Ga. App.* 831 (58 S. E. 83).

2. A plaintiff who was wrongfully left by a street-car company upon a public street, in violation of a claimed right of transfer to a particular car, and who thereupon walked a considerable distance to her home, wherefrom she was made ill, can not recover damages on account of such illness, where it appears that another street-car, within a few minutes, would have been available for the purpose of the journey, and no reason appears why she should not have waited therefor or why she should have undertaken the walk. In such a case the illness and consequent suffering will be regarded as the result of her voluntary act, and not of the company's wrong.

Action for damages, from city court of Floyd county—Judge Hamilton. February 29, 1908.

Argued May 5,—Decided May 18, 1908.

*M. B. Eubanks, W. B. Mebane,* for plaintiff.

*Dean & Dean,* for defendant.

RUSSELL, J. The plaintiff in error excepts to the dismissal of her petition, on general demurrer. As to the facts alleged, the case is practically identical with the case of *Williams* v. *Rome Ry. and Light Co.,* ante; and as to the law, this plaintiff's case (like her husband's) is controlled by the decision of this court in *Glenn*

v. *W. U. Tel. Co.*, 1 *Ga. App.* 821 (3), 831 (58 S..E. 83). According to the allegations of the plaintiff, she got on the North Rome Car, to ride to Fifth avenue and transfer there to the West Rome car. Her fare was paid by her husband, on the strength of the conductor's promise to overtake the West Rome car and transfer them to it. When she reached the point where she was to be transferred, the conductor of the West Rome car refused to allow them to transfer, by starting his car and leaving her. It is alleged, that the conductor of the West Rome car had full knowledge of the fact that the plaintiff desired to be transferred, and that the conductor of the North Rome car had agreed that she should be transferred. The petition alleges a violation of duty and a breach of contract.

We think the court erred in dismissing the petition upon general demurrer. It is true that the plaintiff can only recover nominal damages, but the breach of duty arising from the contract authorizes the recovery of such nominal damages as will carry the costs. *Glenn* v. *W. U. Tel. Co.*, supra.

It was held in *Williamson* v. *Central Ry. Co.*, 127 *Ga.* 125 (56 S. E. 119), that the conductor of a train is the alter ego of the carrier in making contracts for passage between points on his run, and that when he allows a person to pay a cash fare to any particular point, "a valid contract immediately arises between the carrier and such person, by virtue of which such person becomes entitled to be transported as a passenger to the station of the company at the place to which fare is paid." It has also been held that for a train to fail to stop and take on passengers at a regular stopping place, when it should stop, gives a right of action. See *Ga. R. Co.* v. *McCurdy*, 45 *Ga.* 288 (12 Am. R. 577); *Western R. Co.* v. *Young*, 51 *Ga.* 489, 492; *Nunn* v. *Ga. R. Co.*, 71 *Ga.* 710, 712 (51 Am. R. 284); Philadelphia R. Co. *v.* Derby, 55 U. S. 468 (14 L. ed. 502). Under the ruling in the *Williamson* case supra, we hold that the conductor on the North Rome car had the authority to make an agreement that would bind the company, not only as to transportation on his car, but also upon any other car of the defendant company. It is true that the particular language used in the body of the opinion in the *Williamson* case is that the conductor has power to engage to transport a passenger to any point *"on his route."* From this language, it is very ably argued by

counsel for the defendant in error that the conductor on one street-car would not have the right to make the contract of carriage beyond the route traversed by his car; in other words, that the conductor on the North Rome car would have a right to make a contract to carry a passenger to any point on his route, by which the company would be bound, but that the company would not be bound by a contract made by him for the transportation of a passenger over any other route maintained by the company, nor be liable for the breach of any contract made by him for carriage on a route other than that traversed by his own car. We think differently. If a street-car conductor has the right to make a contract for the transportation of a passenger at all, it is the contract of the company itself, and not of the individual who acts in its behalf. A corporation can only act through its agents, and if a street-car conductor is authorized to issue transfers, and does issue them in pursuance of an agreement to convey the passenger to a particular point, the company is bound to honor the transfer and to fulfil the undertaking of its agent. As to a street-railway company whose conductors are authorized to issue transfers, all the lines of the company are within the right of such conductors. Corporations select their own agents, and if by the negligence of any of these agents there results a breach of the contract of carriage, and, resultant therefrom, a breach of duty, it is but just that the carrier (by whose servants the contract was both made and breached), rather than the passenger, should suffer if injury results. The mere breach of the contract which involves the performance of a public duty entitles the plaintiff in this case to nominal damages. Civil Code, §3801; *Lilly* v. *Boyd, 72 Ga.* 83 (1) ; *Kenny* v. *Collier, 79 Ga.* 743 (8 S. E. 58) ; *Barrett* v. *Verdery, 93 Ga.* 530 (21 S. E. 64) ; *National Exchange Bank* v. *Sibley, 71 Ga.* 727 (4). In the last case cited, the Supreme Court held, "There may be damage without injury, where there has been no violation of any right of the party complaining, or no breach of duty to him, but where there has been a breach of duty or violation of right as to him, the doctrine of damnum absque injuria does not apply. In such cases, if no actual damage is shown, nominal damages may be recovered." We deem it unnecessary to make further citations, for we have several times already ruled as we now hold.

2. Under the allegations of the plaintiff's petition, her recovery

must be restricted to nominal damages. For the reasons set forth in the second headnote, any injury she may have suffered must be regarded as the result of her voluntary act, and can not be attributed to the company's wrong.                *Judgment reversed.*