ATLANTIC COAST LINE RAILROAD COMPANY *v.*
TIFTON PRODUCE COMPANY.

No. 10213.    October 11, 1934.

*R. D. Smith* and *Bennett & Branch,* for plaintiff in error.
*Robert R. Forrester* and *Howell Cobb,* contra.

Bell, J.   The Court of Appeals certified the following question:   "Where after a shipper, who is both the consignor and the consignee, of freight which had been delivered to the carrier for transportation, refuses to accept delivery of the freight from the carrier at the point of destination, or to pay the freight charges, where the freight which was perishable, being a car-load of watermelons, had depreciated in value, due to the delay in the shipment by the fault of the carrier, and the goods which are of some value are afterwards sold by the carrier and the proceeds applied towards a reduction of the freight charges, can the shipper, by afterwards paying to the carrier the balance due on the freight charges, maintain against the carrier an action for the damages either ex delicto, or ex contractu for a breach of the contract of carriage?"

Under the facts indicated in this question, the shipper would have a right of action for such damages as were caused by the delay in transportation, and would have an election as to whether he would sue as for the commission of a tort or proceed upon the theory of a breach of the contract.   Civil Code (1910), § 4407; *Bates* v. *Bigby,* 123 *Ga.* 727 (51 S. E. 717); *Macon & Birmingham Railway Co.* v. *Walton,* 127 *Ga.* 294 (3) (56 S. E. 419); *Carr* v. *Southern Railway Co.,* 12 *Ga. App.* 830 (79 S. E. 41); *Fain* v. *Wilkerson,* 22 *Ga. App.* 193 (2) (95 S. E. 752).   "Where a carrier fails to deliver goods in a reasonable time, the measure of damages is the difference between the market value at the time and place they should have been delivered and the time of actual delivery."   Civil Code (1910), § 2773.   On a similar state of facts it was held, in *Wilensky* v. *Central of Georgia Railway Co.,* 136 *Ga.* 889 (72 S. E. 418), that the shipper could not maintain an action ex contractu for the full value of the goods on the theory of the breach of the contract of carriage; and under the reasoning of that decision he could not have sued for such value in an action ex delicto.   In such case, where the goods have not been totally destroyed or rendered wholly valueless, the shipper's remedy is to sue for the actual damage sustained,

and he can not abandon the goods and sue for their full value as in case of a conversion. Such is the meaning of the decision in the *Wilensky* case, so far as it might appear to shed light upon the question here under consideration. It is not authority for the proposition that the shipper could not maintain an action for damages under the Civil Code, § 2773. In *Southern Express Co.* v. *Hanaw*, 134 *Ga.* 445 (10), 459 (67 S. E. 944, 137 Am. St. R. 227), it was said: "The general rule is that the measure of damages for unreasonable delay by a common carrier in the delivery of goods shipped is the difference between their market value when they should have been delivered and their market value when they were delivered, with interest from the former date, less the freight, if unpaid. . . Mere unreasonable delay in transporting· does not amount to conversion, so as to authorize the consignee, upon the arrival of the goods, to reject them and sue for their full value. His remedy is to sue for the damages he has sustained by reason of the delay. There may be a possible case where the property has ceased to be of any value at all, such as wholly decayed perishable goods. But the present case is not of that character. There was a mere delay and depreciation in value." With reference to interest, see Civil Code (1910), § 4396; *Central Railroad* v. *Sears*, 66 *Ga.* 499; *Gress Lumber Co.* v. *Coody*, 104 *Ga.* 611 (30 S. E. 810) ; *Snowden* v. *Waterman*, 110 *Ga.* 99 (35 S. E. 309) ; *Bennett* v. *Tucker*, 32 *Ga. App.* 288, 293 (123 S. E. 165).

Under the question propounded, the shipper's right of action for the damage caused by the delay is not defeated by the fact that he improperly rejected the shipment and for a time refused to pay the freight. The damage by delay had already accrued at the time of such rejection and refusal, and his failure to accept the shipment and pay the freight was in no wise responsible for such damage. It appears from the question certified that the goods "had depreciated in value, due to the delay in the shipment by the fault of the carrier," but were still of some value. If the carrier had thus brought about the damage by reason of its own default or breach of contract, it can not escape liability by reason of the subsequent acts of the shipper in rejecting the shipment and in refusing to pay the freight, where the shipper finally paid the freight before suit. In *Barrett* v. *Verdery*, 93 *Ga.* 526 (21 S. E. 64), it was said that "a breach of contract can not be justified by anything the other

party to the contract may have done or omitted to do afterwards." In the present case, the freight having been finally paid, it is unnecessary to decide whether or not such payment is a condition precedent to the maintenance of such action. On the facts stated, the shipper could maintain an action for damages either ex delicto or ex contractu, according to his election. We of course do not decide whether the petition in this case was sufficient to set forth a cause of action under the principles enunciated. We merely answer the question of the Court of Appeals in accordance with the facts stated therein. *All the Justices concur.*