565

EASTERN SHORE OF VIRGINIA PRODUCE EXCHANGE, Inc., v. NEW YORK CENT. R. CO.

No. 4324.

Circuit Court of Appeals, Fourth Circuit.

June 6, 1938.

James E. Heath, of Norfolk, Va. (Gunter & Gunter, of Accomac, Va., on the brief), for appellant.

Thomas H. Willcox, of Norfolk, Va., and Stewart K. Powell, of Onancock, Va., for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal from a judgment for $1,798.74, freight and demurrage charges on four carloads of potatoes shipped by the defendant from points in Virginia to itself at Detroit, Michigan, order notify A. J. Bloomgarden & Sons. No point was raised as to liability for the charges on one of the carloads. Two carloads were delayed at Toledo, Ohio, and one carload at Buffalo, New York, on order of Bloomgarden & Sons; and as to the charges on these the defense was made that the delay on the order of the party to be notified amounted to a conversion by the carrier, that the contracts of carriage were breached thereby and that consequently there could be no recovery of the freight charges under these contracts. Jury trial was waived and the case was heard by the court without a jury. On the trial it was shown that the potatoes were infected with tuber moth and that, after being delayed at the request of Bloomgarden & Sons, they were carried to destination and tendered for delivery, but were refused and were finally destroyed after being condemned by the public authorities. The trial judge found generally for the plaintiff and the defendant entered a general exception to the judgment and appealed. The sufficiency of the evidence was not challenged by requests for findings or in any other manner.

The only ground urged for reversal, the sufficiency of the evidence to sustain the finding of the court below, is not properly before us for review, as the only exception in the record is a general exception to the judgment; and it is well settled that such an exception does not bring up for review the sufficiency of the evidence to sustain the findings. Fleischmann Const. Co. v. United States, 270 U.S. 349, 46 S.Ct. 284, 70 L.Ed. 624; United States v. U. S. Fidelity & Guaranty Co., 236 U. S. 512, 529, 35 S.Ct. 298, 59 L.Ed. 696; Kansas City Marble & Tile Co. v. Penker Const. Co., 4 Cir., 86 F.2d 287; Union Bleachery v. United States, 4 Cir., 79 F. 2d 549, 102 A.L.R. 204; Pocahontas Coal & Coke Co. v. Cook, 4 Cir., 74 F.2d 878.

If, however, we could look to the merits as upon a proper challenge to the sufficiency of the evidence, we find nothing in the record before us which would warrant our disturbing the judgment. The potatoes were transported to the destination provided for in the contracts of shipment; and it is well settled that the delay in transportation did not constitute conversion. Atlantic Coast Line R. Co. v. Tifton Produce Co., 179 Ga. 624, 176 S.E. 624, 96 A.L.R. 772; Wamsley v. Atlas Steamship Co., 168 N.Y. 533, 61 N.E. 896, 85 Am.St.Rep. 699; Chesapeake & O. R. Co. v. Saulsberry, 126 Ky. 179, 103 S.W. 254, 12 L.R.A.,N.S., 431 and note; Chi-

cago, R. I. & P. R. Co. v. Pfeifer, 90 Ark. 524, 119 S.W. 642,. 22 L.R.A.,N.S., 1107; Central of Georgia R. Co. v. Montmollen, 145 Ala. 468, 39 So. 820, 117 Am.St.Rep. 58; 4 R.C.L. 745; 10 C.J. 307; 3 Hutcheson on Carriers, 3d ed. sec. 1372. The contracts of carriage having been performed on the part of the carrier, it is entitled to recover its charges in accordance with the tariff filed with the Interstate Commerce Commission. If defendant had sustained damage as result of the delay, same could have been recovered by counterclaim in this suit, or otherwise (10 C.J. 448); but it does not appear that any damage was sustained and no counterclaim on that account was asserted.

The judgment appealed from will accordingly be affirmed..

Affirmed. ·

Before PARKER and NORTHCOTT, Circuit Judges, and CHESNUT, District Judge. .