CHRISTIAN KRIBBEN, Defendant in Error, *v.* HENRY ECKEL-
KAMP, Plaintiff in Error.

*Practice—Default.*—The motion to set aside a judgment by default is ad-
dressed very much to the discretion of the inferior court.

*Error to Law Commissioner's Court.*

*C. D. Colman,* for plaintiff in error.

BATES, Judge, delivered the opinion of the court.

This was a suit in the Law Commissioner's Court to re-
cover compensation for services as an attorney at law. The
summons was returnable to the August term, 1861, and was
then returned properly served. No answer was filed, and
at the December term, 1861, a judgment was taken by de-
fault. The defendant filed a motion to set aside the judg-
ment, which motion was subsequently overruled, and the
defendant appealed to this court from the judgment over-
ruling the motion. Affidavits were filed in support of the
motion and others in opposition to it.

The defendant's own affidavit stated that he had a meri-
torious defence to the action, and also that he retained
counsel to defend the suit; and that prior to the time it was
necessary for him to file his answer, he met with the plain-
tiff, and had an arrangement and settlement with him in
regard to the cause by which the plaintiff agreed to dismiss
the action, and thereupon he instructed his attorney not to
draw an answer, and that he heard nothing more of the
matter until an officer called upon him with an execution
issued upon the judgment.

The affidavit of his attorney showed that, in his absence
from his office, word was left there for him not to prepare
the answer, for the reason that the matter had been settled,
and that he then saw the plaintiff on the subject, who in-
formed him that he had arranged the matter with the de-
fendant, and that there was no necessity for preparing an

answer.   The affidavit of the plaintiff stated that, after the suit was brought, the defendant and his wife called at his office, and it was agreed towards effecting a full settlement that an account should be stated between the parties, not only in regard to the subject matter of this suit, but also in regard to the other accounts outstanding and unsettled between them.

A full balance was struck, the amount sued for in this action was agreed upon and declared right, and a balance of thirty-nine dollars was found due plaintiff on the rest of the account; and for avoiding litigation, and in order to drop the pending suit, defendant, together with his wife, who mainly carries on his financial business, agreed to pay the plaintiff the whole amount for which this suit is brought, and costs, and nine dollars additional in full settlement of all accounts between the parties, the plaintiff agreeing to throw up thirty dollars on the other bill in consideration of a settlement, and the defendant agreed to pay the whole of said sums by the Monday following, and it was specially agreed that no further proceedings should be had in the suit between said day and the said Monday following.

Several days afterwards, plaintiff meeting the defendant's attorney, told him that there was no need of an answer since the defendant and himself had come to a settlement.   The defendant failed to pay as agreed, and the plaintiff went to his house in the country to ascertain what steps to take in the premises, and the defendant and his wife then again promised to pay by a time named, and the plaintiff " then and there informed them that, unless they did so settle, he would, at the opening of the next succeeding term, claim his judgment, and gave them notice to that effect."

They wholly failed to pay, and he took the judgment. An affidavit of another person sustains the plaintiff's statements as to the settlement and its terms, the affiant stating as part of the agreement at the settlement, " that Kribben should not prosecute his suit any further, as a matter of course, on payment next Monday."

Motions of this character are addressed very much to the discretion of the court in which they are made, and nothing is found in this record to show that the discretion was exercised unsoundly in this case.

Judgment affirmed. Judges Bay and Dryden concur.