————o————

P. H. TUCKER, Respondent, *vs.* ST. LOUIS, KANSAS CITY AND NORTHERN RAILWAY Co., Appellant.

1. *Practice, civil—New trial, refusal of—When Supreme Court will interfere.—* The Supreme Court will not interfere with the discretion of lower courts, in refusing to grant a new trial, unless a strong case is made showing an improper exercise of discretion to the prejudice of the party complaining.

2. *Practice, civil—New trial—Surprise.—*A cause by agreement of parties, and by order of court, was set for a certain day of subsequent term, but was called and tried the day before, in the absence of the defendant. It appeared by affidavits that the defendant appeared at the appointed time, ready to try the cause, when he first learned of the trial, and it also appeared that a witness informed the plaintiff's attorney during the trial that the defendant's attorney understood and informed witness that the cause was to be tried the next day. *Held,* that the court should have granted a new trial on the ground of surprise.

3. *Railroads—Brakeman, injuries to—Station-agents—Conductors—Services of physicians.—*Station-agents and conductors of a railroad are not authorized, by virtue of their positions, to employ a physician at the expense of the railroad to attend to one of its brakemen injured by its cars.

*Appeal from Montgomery Circuit Court.*

*John M. Woodson,* for Appellant.

I. The court exercised its discretion unsoundly in its refu-

12—VOL. LIV.

sal to set aside the judgment by default, and appellant has suffered positive injustice thereby. (Nordmanser vs. Hitchcock, 40 Mo., 178; Kribben vs. Eckelkamp, 34 Mo., 480; Florez vs. Uhrig's, Adm'r, 35 Mo., 519; Frazier vs. Bishop, 29 Mo., 447.)

*A. H. Buckner*, for Respondent.

I. The judge has nothing whatever to do with the setting of the docket; that is expressly given to the clerk.

II. Defendant's attorney made no effort to get correct information from the proper source as to the time when the case was set. It is either a mistake as to the law regulating the duties of clerks, or negligence on the part of defendant's attorney, or both combined, that is shown by the affidavits and motion of defendant, and in neither case will this court interfere with the action of the court below. (Nordmandser vs. Hitchcock, 40 Mo., 178; Steigers vs. Darby, 8 Mo., 679; Jacob vs. McLean, 24 Mo., 40.)

III. But there is in fact, no good defense shown to the action. The affidavits state neither evidence nor facts, from which this court can say that plaintiff was not employed to attend to the injured man.

VORIES, Judge, delivered the opinion of the court.

This action was brought by the respondent against the appellant before a justice of the peace on the following account:

"St. Louis, Kansas City and Northern Railway Company, in account with Dr. P. H. Tucker. For surgical and medical treatment of Jerome Dollihan, at the hotel in High Hill, Montgomery county, Missouri, as wounded on the sixth day of March, 1872, the cars running over and fracturing his leg, so that amputation was necessary.

March 6th, to March——, 1872,

To surgical and medical treatment of Jerome Dollihan, $75.00."

A trial was had before the justice, where the plaintiff recovered a judgment for the full amount of his account.

From this judgment the defendant appealed to the Montgomery Circuit Court. On the 10th day of November, 1872, the following entry appears in the cause, on the records of the Montgomery Circuit Court:

"Now at this day, appears the parties by their respective attorneys, and by consent this cause is continued to the December adjourned term (4th day, No. 162.)"

Afterwards, on the 18th day of December, at the December adjourned term, and on the 3d day thereof, the case was called for trial, the plaintiff appearing, but the defendant making no appearance. The case was tried by the court, and a judgment rendered against the defendant for seventy-five dollars.

On the next day, the same being the 4th day of the December adjourned term, the defendant appeared and filed its motion for a new trial, and set forth, as the grounds upon which it relied for a new trial, among other things, the following:

Because the verdict and judgment were contrary to the evidence and the law, and because at the regular October term of the court the cause was by the consent of the parties, and by the order of the court, specially set for the 19th day of December, 1872, and on the 4th day of the said December adjourned term; whereas, the said cause was called for trial and a verdict and judgment rendered therein on a day prior thereto, that is to say, on the 18th day of December, 1872, the same being the third day of said adjourned term of said court; which trial was had on said day without the knowledge or consent of the defendant or its attorney or agents, and in their absence; that defendant had a good defense to the action, and was present on the 4th day of said adjourned term, the day the cause was set for trial by the agreement of the parties, ready for the trial of said cause.

With this motion defendant filed affidavits in support thereof. Afterwards said motion was heard, and overruled, by the court, and the defendant at the time excepted, and appealed to this court.

This court will not interfere with the discretion of inferior

courts in refusing to grant new trials, unless a strong case is made showing an improper exercise of discretion to the prejudice of the party complaining. (Nordmanser vs. Hitchcock, 40 Mo., 178; Kribben vs. Eckelkamp, 34 Mo., 480.)

In the case under consideration it is shown by the affidavits, filed with the motion for a new trial, that at the regular October term of the Montgomery Circuit Court, the case was continued by the consent of both parties, and by the order of the court specially set for hearing on the 19th day of December, 1872, and that the defendant and its agents and attorneys had received no notice of any change having been made in reference to the time for the hearing of the cause, until the 19th day of December, 1872, when the defendant's attorney appeared in court for the purpose of trying the cause, when he was informed that the case had been tried in his absence on the day before, and judgment rendered against the defendant. It further appeared, that the plaintiff's attorney had been notified before the judgment was rendered on the 18th day of December, 1872, by a witness in the case, that the defendant's attorney understood, and had notified the witness, that the case was set for hearing on the 19th day of December, 1872.

The affidavits further stated, that the defendant had a good defense to the action, and could prove on a new trial of the case, that plaintiff was never employed by the defendant, or any authorized agent of defendant, to render the services sued for, and that neither the defendant or any authorized agent of the defendant had ever promised to pay plaintiff therefor.

The facts stated in these affidavits were uncontradicted, and the minutes of the court show, that the cause had been continued by the consent of the parties to the December adjourned term, 4th day, which was the 19th day of December, 1872.

It is difficult to imagine how a stronger case of surprise could be made out than was made in this case. The cause had been continued, by the agreement of the parties, to the 4th day of the December adjourned term, and so entered on

the minutes of the court. The attorney for the defendant had no right to expect, that this arrangement would be changed. No want of diligence was shown on his part; he was ready, prepared for trial, on the day fixed; the plaintiff's attorney was informed that defendant was preparing for trial on the 19th, the day fixed by the parties for the trial, and yet, without any notice to the defendant or its attorney, the case was set for, called, and tried, on a different day. In such a case the court should not have hesitated to grant the defendant a new trial.

It further appears from the bill of exceptions in the case, that the following was all the evidence given by the plaintiff in the trial of the cause:

"The plaintiff, to maintain the issues on his part, offered evidence tending to prove that on or about the 6th day of March, 1872, at High Hill, Montgomery county, Missouri, one Jerome Dollihan, who was a brakeman in the employ of defendant, was injured by the cars of defendant; that Geatt W. Bixler, station-agent of said defendant, at said town of High Hill sent a boy for a physician, and the boy called the plaintiff, who rendered certain services, which were worth the sum of seventy-five dollars; that one Hamilton, who was conductor of the train on which Dollihan was injured, told plaintiff to give Dollihan such attention as he needed, and that he would be paid therefor; that one H. M. Derry, also told the plaintiff to give him necessary attention; that a few days afterwards J. L. Hinckly told H. M. Derry to see that Dollihan wanted for nothing, and that defendant would see the bills paid."

One of the grounds stated in the motion for a new trial was, that the verdict and judgment were against the evidence.

If there was legal evidence in the case, which tended to uphold the findings and judgment of the court below, this court would not interfere with the finding of the court as to the facts; but it will appear by an examination of the evidence that the facts which, it is stated in the bill of exceptions, the evidence tended to prove, when all taken to be true,

do not even tend to prove the liability of the defendant to pay for the services of the plaintiff sued for. It is shown, that the station-agent of defendant, when the young man was injured, directed a boy to go for a doctor, and that the boy brought the plaintiff, and that the conductor on the cars of defendant told plaintiff to give the wounded man attention, and he would be paid; but there is no pretense of any evidence by these witnesses, that they had any authority to employ a physician on defendant's account, or that they ever pretended to employ plaintiff on defendant's account. It is only shown that they were agents of defendant in conducting its railroad business, which of itself could certainly give them no authority to employ physicians, for the defendant, to attend to, and treat, persons accidentally injured on the roads. The other witnesses, Derry and Hinckly, are not shown to be connected with the business of defendant in any manner whatever, or that they were ever known to the agents of officers of defendant. There is no evidence in fact, which tends to prove any liability on the part of the defendant to pay plaintiff for the services rendered.

With the views above taken of this case the judgment must be reversed.

Judge Sherwood not sitting; the other judges concurring the judgment is reversed and the cause remanded.