# Sevier *v.* Birmingham, Sheffield & Tenn. River R. R. Co,

*Action by Physician and Surgeon against Railroad Company, for Services to Injured Brakeman.*

1. *Liability of railroad company for surgical attendance on injured employee.*—As a general rule, a railroad company is not under any legal obligation to provide surgical attendance for an employé who is injured while in the discharge of his duties, though it may do so, and its general manager or superintendent has implied power to bind it by a contract for such attendance; but the conductor of a train has no such power under ordinary circumstances, and the company is not bound by his employment of a physician and surgeon to attend an injured brakeman, unless it is shown that his action has been ratified by the proper authorities, or that exceptional circumstances justified it, and prevented communication with higher officials.

APPEAL from the Circuit Court of Franklin.

Tried before the Hon. H. C. SPEAKE.

This action was brought by the appellant, D. V. Sevier, against the appellee corporation; and sought to recover for professional services, as a physician and surgeon, rendered to an employé of the defendant railway company, who had his foot injured while he was in the discharge of his duties as a brakeman. Issue was joined on the general issue. Upon the trial of the case, as is shown in the bill of exceptions, the plaintiff introduced evidence which tended to show that in June, 1889, he was called in to see one Devaney, who was an employé of the defendant railway company, and who had had his foot severely crushed while in the discharge of his duties as brakeman, by its slipping between the bumpers of two cars while he was getting up from between them, after having coupled them; and that in response to said call, he attended the said employé, as a physician and surgeon, until he died.

The plaintiff also introduced in evidence the deposition of the conductor of the freight train, upon which the said brakeman was injured; and in this deposition the said conductor admitted that he had summoned the plaintiff as a physician to attend to said Devaney after he was injured; that he had no authority to employ a physician, nor had he consulted the su-

perintendent or any other higher officer, as to the employment of said plaintiff; but that he sent for the doctor immediately after the accident happened. All the other facts, necessary to the full understanding of the opinion, are set forth sufficiently therein. Upon the evidence as adduced, the court, at the request of the defendant, gave the general affirmative charge in its behalf. There was judgment for the defendant, and the plaintiff, who prosecutes this appeal, assigns the giving of the general affirmative charge for the defendant as error.

W. H. KEY, for appellant.—The court erred in giving the general affirmative charge for defendant; because the testimony disclosed facts which amounted to a ratification by defendant of its agent's act in employing plaintiff; and these facts should have been submitted to the jury.—*Reid v. Bank*, 70 Ala. 200; *Hinton v. Ins. Co.*, 63 Ala. 488; *R. R. Co. v. Maples*, *Ib.* 601; *Carew v. Lillienthal*, 50 Ala. 44; *Abbott v. May*, *Ib.* 97; *R. R. Co. v. Mahoney*, 25 Am. Rep. 299; *R. R. Co. v. Jay*, 65 Ala. 113. The conductor, being the highest of defendant's agents in authority at the time and at the place where the accident occurred, had authority to employ a physician.—*R. R. Co. v. McMurray*, 49 Am. Rep. 752. Under the circumstances, the agent was justified in contracting for a physician, whether specially authorized or not.—*Baldwyn v. Ashley*, 54 Ala. 82; 44 Am. Dec. 665; 35 Am. Dec. 358; Story on Agency, §§ 126, 128; Wharton on Agency, § 159.

SIMPSON & JONES, contra.—1. There is no implied liability on the part of the master for medical attendance upon the servant, even though the injuries result from the performance of his duties as servant.—Wood's Master & Servant, p. 193, § 99. 2. The conductor of a train has not, ordinarily, authority to bind, by contract, the railroad company—his employer. In the extraordinary cases in which his contracts have been held to bind the company, it has only been in respect to something which it was the duty of the company to do; or in an emergency where instructions could not be gotten from head-quarters; or something that was indispensably necessary for the proper performance of his duties.—1 Wood's R'wy Law, p. 449, § 164, and cases there cited.

CLOPTON, J.—That a railroad company, as a general proposition, is under no legal obligation to provide surgical attendance for an injured employè, though the injuries, which render such attendance necessary, may be received while in the performance of his employment, may be regarded as elemen-

tary. Humanity, however, imposes upon the company en-
gaged in such hazardous business a moral obligation, when a
person in its employment, without fault on his part, is injured
while rendering service, to provide such assistance as may be
necessary to prevent loss of life, or irreparable injury. This
much is demanded by humanity, fair dealing, and the conser-
vation of the interests of the company. Hence, if power for
this purpose is not expressly conferred by charter or by the
law, authority to incur such a liability by contract will be im-
plied ; and as the corporation must act by agents, the authority,
in the absence of positive proof, of an officer or agent to
make such contracts binding the company may be inferred,
from the nature, scope and extent of his usual powers and
duties; its exercise resting in his discretion and judgment.
The general superintendent, having supervision of the general
management and operation of the road, including the employ-
ment, discharge and control of employès, may, in an emergency,
make any contracts connected with, or necessary to running
the trains. Accordingly, with the exception of the case of
*Mar. & Ont. R. R. Co. v. Taft*, 28 Mich. 289, in which the
court was equally divided in opinion on the question, the de-
cisions hold that the authority of the general manager or super-
intendent to make contracts to pay for necessary medical at-
tendance to an injured employè may be reasonably inferred
from the scope of his general agency, and as imported by his
title.—*Toledo etc. R. R. v. Roodrigues*, 47 Ill. 188 ; *Cairo &
St. Louis R. R. Co. v. Mahoney*, 82 Ill. 73 ; *Acch. & Neb. R.
R. Co. v. Reecher*, 24 Kan. 228 ; *Indiana etc. R. R. Co. Mc-
Vay*, 98 Ind. 391 ; 22 Am. & Eng. R. R. Cas. 382.

But, it is also held by the weight, if not by the unbroken
line of judicial decisions, that such general authority can not
be inferred from the nature and scope of the well understood
powers and duties of subordinate employès and agents, such
as station agents, yard masters, road masters, conductors.—Am.
& Eng. Ency. of Law, 365 ; 14 Am. & Eng. Ency. of Law, 918.
In *Tucker v. St. Louis etc. R'w. Co.*, 54 Mo. 177, a physician
was employed by the station agent and conductor, the latter
telling him to give such attention as was needed and he would
be paid therefor, to attend a wounded brakeman. After ob-
serving that there was no pretense that they had authority to
employ, or that they pretended to employ a physician, on the
company's account, the court said : "it is only shown that
they were agents of defendant in conducting its railroad busi-
ness, which of itself could certainly give them no authority to
employ physicians for the defendant, to attend to and treat
persons accidently injured on the road."

[Sevier v. Birmingham, Sheffield & Tenn. River R. R. Co.]

There is one case, which holds that there are exceptional urgent circumstances, in which the authority of the conductor, being the highest representative of the company present, to employ a surgeon will be inferred.—*Terre Haute & Indp. R. R. Co. v. McMurray*, 98 Ind, 358; 49 Am. Rep. 752. In that case, the general rule was held not to be applicable in all cases; and that where a brakeman is injured while the train is out on the road at a point distant from the chief officers, and there is necessity for immediate surgical treatment, and no superior officer present, the conductor, having charge of the direct and immediate management of the train, is a general agent for the purpose of employing surgical assistance. The conclusion is rested on the theory, that it is the duty of the company to act in such cases, and have some officer or agent, at all times, competent to exercise discretionary authority when an emergency unexpectedly arises. The principle of the decision is, that present necessity for medical aid to save life or prevent great bodily harm, the absence of a superior officer, and disability to communicate with him in time, constitute such case an exception to the general rule. In *St. Lou. A. & T. R'w. Co. v. Hoover*, 13 S. W. Rep. 1092, the court, after referring to the case above cited, and stating the principle decided, said: "The authority existing in such cases is exceptional. It grows out of the present emergency, and the absence, and consequent inability to act, of the railway's managing agent; its existence can not extend beyond the causes from which it sprang." Whether the authority of the conductor should be inferred in such cases, it is unnecessary to decide, for, if conceded, the case of the plaintiff is not brought within the exception.

There is no evidence of the distance of the place, where the brakeman was injured, from the chief officers of the company; and none tending to show immediate and urgent necessity to call a physician, or that communication with the superintendent was impracticable, or that delay for that purpose was dangerous, or that plaintiff's services were rendered on the credit of defendant; and it appears there was telegraphic cemmunication. Plaintiff testifies that he was called to see the injured brakeman, and in response to such call, went to see him, dressed his wounds, and continued to do so, until he died. He does not state by whom he was called. It appears, however, from the evidence of the conductor, that he summoned plaintiff; but he also testifies that he had no authority to employ physicians, and did not remember telling plaintiff any thing. The liability of defendant depends upon contract, entered into by some authorized agent, and proof of authority is requisite, where it is not inferable from the scope of his agency.

[Ga. Pacific Railway Co. v. Lee.]

Unquestionably, the general superintendent may ratify the conductor's unauthorized employment, and, upon notice of the injury and the employment of the physician, the general superintendent, in order to avoid responsibility, should dissent, and notify plaintiff that the company would not be responsible. But this duty does not arise, and there can be no ratification, unless the superintendent is informed of the facts and circumstances of the employment of plaintiff. There is no evidence that he had any knowledge or notice thereof, until after the serivces were rendered.—44 Am. & Eng. R. R. Cas. 461, 464.

Affirmed.