# Central of Georgia R'y Co. *v.* Montmollen.

*Action for Damages for Failure to Deliver Freight.*

[DECIDED JAN. 9, 1906, 39 So. REP. 820.]

1. *Carrier; Delay in Delivery of Goods; Conversion.*—The failure of a carrier to deliver goods in a reasonable time is not a conversion, but a breach of contract, and the consignee cannot refuse to accept them and recover their full value, unless the delay utterly destroys the value of the goods, or causes an equivalent of a total loss; and the consignee must accept the goods, although at the time he has no use for them.

2. *Same; Same; Missing Articles.*—Where there has been a delay in the delivery of goods by a carrier, but an offer of delivery is made and refused because some of the goods are missing or damaged, the consignee cannot refuse to receive the goods and maintain an action for failure to deliver the goods.

3. *Same; Delivery at Unusual Place; Waiver.*—In an action for failure to deliver goods, where the consignee unqualifiedly refused to receive them, although the delivery was sought to be made at other than the usual place, the consignee waived the right to insist upon a delivery at the usual place.

4. *Same; Damages.*—In an action for failure to deliver goods where it was shown that the carrier offered to make delivery, which was refused, the damages recoverable are limited to the damages sustained to the goods, and to damages for the delay in making the delivery, and it is error to render judgment for the full value of the goods, unless they are a total loss.

[Central of Georgia Railway Co. v. Montmollen.]

APPEAL from Montgomery Circuit Court.
Heard before Hon. J. C. RICHARDSON.

This was an action begun by appellee against appellant for the value of a box of tools, which is alleged to have been delivered to appellant but never by it delivered to appellee. It was shown that the box of tools was delivered to the A. & B. R. R. Co., at Cordele, Ga., and was delivered by this company to the appellant at Montezuma, Ga. After the suit was brought, a box of tools without mark was found in defendant's warehouse at Fort Valley, Ga., which was sent to Montgomery and tendered to appellee, after being identified by him as his property. The appellee refused to accept the tools giving no reason therefor.

CHARLES P. JONES, for appellant.—The duty was on the consignee to accept the goods when tendered.—Rapalje & Mack's Digest of Railway Law, Vo. 2, pp. 101-2; 2 Am. & Eng. Ency. of Law, Vol. 5, p. 221 and cases cited under notes 1 and 2.

C. H. ROQUEMORE, for appellee.—The suit is not for a conversion of the goods but for a breach of contract of delivery. The court did not err in rendering judgment for the plaintiff.

ANDERSON, J.—"A failure by the carrier to deliver goods within a reasonable time does not establish a conversion, but is a mere breach of contract; and the consignee cannot refuse to accept the goods on the ground of the delay and recover their full value, unless the delay destroyed the value of the goods entirely or caused what is equivalent to a total loss."—5 Am. & Eng. Ency. Law, 221; Hutchinson on Carriers, § 775; *Galveston Railroad v. Watson*, 1 White & W. Civ. Cas. Ct. App. § 813; *Shaw v. South C. R. R.*, 5 Rich. Law (S. C.) 462, 57 Am. Dec. 768. A mere delay being no conversion, the consignee must receive the goods, although he at that time has no use for them. He cannot refuse to accept and recover the full value of the goods.—*Baumbach v.*

[Central of Georgia Railway Co. v. Montmollen.]

*G. C. & S. F. Ry. Co.*, 4 Tex. Civ. App. 650, 23 S. W. 693. And the mere fact that some of the articles shipped are missing does not justify the consignee in refusing to receive.—*G. C. & S. F. Ry. Co. v. Booton* (Tex.) 4 White & W. Civ. Cas. Ct. App. § 67, 15 S. W. 502.

In the case at bar, the defendant at the trial proved an offer to deliver the box of tools personally to the plaintiff in the law office of Charles P. Jones, which the plaintiff admitted, but claimed that the box had been broken and some of the tools were missing, and that he refused to accept what was offered, but gave no reason for the refusal. The plaintiff offered no proof as to the damage to the box, or of the articles missing and the value thereof, and which was incumbent upon him. The defendant proved a delivery of what it received, and if in a damaged condition, or some of the articles were missing, it devolved upon the plaintiff to prove these facts as well as any damage for delay. The defendant by the delivery attempted to relieve itself of the breach set up in the complaint and which had been denied by the plea of the general issue, and it had the right to do this without a special plea.

Plaintiff contends that there was no lawful delivery, in that it was not at the usual place of delivery, and cites a modification of the common-law requirement as to delivery. We think the modification is intended to relieve the carrier of making a personal delivery; but whether it could relieve itself by a delivery at a place other than its freight depot we need not decide, for the plaintiff by his unqualified refusal of the box waived the right to have it delivered elsewhere.

It appears from the record that the trial judge included in the judgment the full value of the box and tools, which we think was error.

Reversed and remanded.

McClellan, C. J., and Tyson and Simpson, JJ., concur.