## F. H. Renberg, Defendant in Error, v. Chicago City Railway Company, Plaintiff in Error.

### Gen. No. 15,213.

1. VERDICTS—*when set aside as against the evidence.* A verdict manifestly against the weight of the evidence will be set aside on review.

2. AGENCY—*when conductor not authorized to bind traction company.* A conductor has no express or implied authority to bind his company for medical attention given to a person injured by the car of such company.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Reversed with finding. Opinion filed December 2, 1910.

CHARLES J. GOULD and FERDINAND Goss, for plaintiff in error; JOHN R. HARRINGTON, of counsel.

No appearance by appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

Defendant in error, F. H. Renberg, recovered a judgment in the Municipal Court of Chicago against the Chicago City Railway Company, for professional services rendered by him on January 1, 1908, to a man named Richardson, who fell from a car of the company and was injured. Richardson never made any claim against the company, and the evidence in this case tends to show no liability on the part of plaintiff in error for Richardson's injury.

Richardson was picked up by the conductor and motorman of the car of plaintiff in error from which he fell, and was carried to a drug store at the corner of Cottage Grove avenue and Sixty-fifth street. From there he was taken upstairs to the office of the defendant in error by whom his wounds were dressed.

The contention of defendant in error on the trial

was that the conductor of the car requested him to give Richardson medical attention. This is contradicted by the testimony of several witnesses. The manifest weight of the evidence sustains the contention of plaintiff in error that the conductor made no such request.

If it be conceded however that the conductor requested Dr. Renberg to give Richardson medical attention, the conductor had no implied or express authority to employ him. St. L. & K. C. R. R. Co. v. Olive, 40 Ill. App. 82; St. L. U. B. T. Ry. Co. v. Wiggins, 47 id. 474; Tucker v. St. L. K. C. & N. R. R. Co., 54 Mo. 177; R. R. Co. v. Gary, 22 Fla. 356; Ry. v. Beatty, 35 Kan. 265; Sevier v. R. R., 92 Ala. 258.

There is no evidence in the record of any ratification of the employment of defendant in error by plaintiff in error.

The evidence does not sustain the verdict and judgment. The judgment is accordingly reversed with a finding of fact.

*Reversed with finding.*