There is no error in the record. The judgment of the court below is affirmed.

Affirmed.

# L. & N. R. R. Co. *v.* McKenzie.

## *Loss of Freight.*

(Decided May 7, 1912. Rehearing denied May 28, 1912. 59 South. 345.)

1. *Carriers; Damage to Freight; Act of God.*—If no negligence of the carrier contributed to the injury, the railroad company was relieved of liability for damages to freight occasioned by a severe tropical storm of extraordinary intensity, which forced the waters out of the bay, and flooded the railroad yards; such injury being occasioned by the act of God.

2. *Same; Limiting Liability.*—Where there is no concurring or intervening negligence on its part, a common carrier can limit its liability against loss occasioned by an Act of God.

3. *Same; Exemption From Liability.*—By excepting and retaining the freight charges paid, a common carrier of freight is not pre-

cluded from asserting release of liability for damages to a shipment, through an act of God.

4. *Same; Evidence; Sufficiency.*—The evidence in this case examined and held to show that the loss was caused by an act of God, and without the carrier's fault.

5. *Same.*—The evidence examined and held insufficient to show an agreement by the carrier's agent to pay the damages.

6. *Courts; Jurisdiction; Amount in Controversy.*—Under section 5355, where the amount for which plaintiff is entitled to recover, is reduced below the jurisdiction of the court trying the cause, but is not reduced by any set off successfully made by the defendant. the cause should be dismissed.

APPEAL from Butler Circuit Court.

Heard before Hon. J. C. RICHARDSON.

Action by J. M. McKenzie against the Louisville & Nashville Railroad Company, for damages for loss of freight. Judgment for plaintiff and defendant appeals. Reversed and remanded.

R. TYLER GOODWYN, for appellant. A common carrier is not liable for loss or damage to goods occasioned by the act of God, where without fault itself.—*A. G. S. v. Thomas*, 89 Ala. 294; *Smith v. Western Ry.*, 91 Ala. 455; *Coosa Steamboat Co. v. Barclay*, 30 Ala. 120; *Bridges' Case*, 86 Ala. 452. Under these authorities, the special charges requested by the defendant should have been given. In this case there was a flagrant violation of the rules that the plaintiff may not, in the course of his pleading, depart from the case made by his complaint.—*Winter v. Mobile County*, 54 Ala. 174; *Smith v. Kirkland*, 81 Ala. 351. Such a departure may be taken advantage of either by demurrer or motion to strike.—Authorities next above.

POWELL & HAMILTON, for appellee. The affirmative charge should never be given where there is a material conflict in the evidence, or where different inferences may reasonably be drawn.—*McCormack H. M. Co. v.*

*Lowe,* 151 Ala. 315; *Beall v. Johnson & Hammond,* 140 Ala. 341; *Buford v. Raney,* 122 Ala. 565.   There was no evidence showing definitely that the goods were received from the Mallory Steamship Line, and the testimony was in conflict as to whether the goods were damaged by the storm.   The evidence showed that there was an agreement that if the plaintiff would pay the freight, the defendant would pay the damage to the goods, and the company was estopped by receiving the freight charges from denying liability. On the general proposition of the contention by the defendant that the loss was occasioned by an act of God without fault on its part, counsel cite.—*Walter v. A. G. S.* 142 Ala. 484; *A. G. S. v. Quarles,* 145 Ala. 436.

PELHAM, J.—The complaint in this case contains three counts.   The first count seeks a recovery of the defendant for its alleged failure as a common carrier to deliver to plaintiff certain goods, wares, or merchandise received in the due course of business and billed to plaintiff at Greenville, Ala.   The second count claims damages for injury alleged to have been done to the goods while in the possession of the defendant as a common carrier.   The third count is for the recovery of damages for defendant's alleged failure, as a common carrier, to deliver the goods in good condition.   To each count of the complaint, the defendant filed pleas of the general issue and two special pleas.   Each of these special pleas set up substantially the same defense, in substance and effect that the defendant, as a common carrier, cannot be required to answer in damages for goods injured by the act of God; each plea setting up in detail the facts, alleging the injury to have been occasioned by an unusual and severe wind and rain storm or tidal wave that swept the Gulf Coast

in the vicinity of Mobile, Ala., September 26 and 27, 1909. To these pleas setting up as a defense to the plaintiff's cause of action that the injury was not due to the negligence of the defendant, but was occasioned by act of Providence, the plaintiff filed a special replication, alleging, in substance and effect, that the plaintiff, McKenzie, after ascertaining that the goods were in the hands of the defendant in a damaged condition, declined to receive them; whereupon the defendant's agent, acting for and on behalf of the defendant, contracted and agreed with the plaintiff that if he (plaintiff) would accept the goods from the defendant and pay the freight charges on the same the defendant would pay the plaintiff the damages suffered to the goods; and that thereupon plaintiff accepted the goods, paid the freight charges, and the freight was delivered to the plaintiff by the defendant, but that the defendant had not paid such damages as promised, nor repaid the freight charges to the plaintiff. The defendant moved to strike this replication, which motion was overruled by the court; whereupon the defendant demurred, and the demurrers were also overruled by the court. The defendant thereupon took issue upon this replication and set up by way of answer in a special rejoinder a denial of the agent's authority to make such an agreement as set up in the plaintiff's replication. To this rejoinder the plaintiff filed a general and two special surrejoinders, alleging, in effect, in each that defendant's retaining the money received by its agent as freight on said goods was a ratification by the defendant of the contract made by its agent with the plaintiff. Demurrers were interposed to each of these special surrejoinders, and the court sustained the demurrers to one and overruled the demurrers to the other, which is, in substance and effect, as set out. To

this special surrejoinder of plaintiff, the defendant, after taking issue, filed by way of rebutter, three special pleas setting up a failure of plaintiff to offer to return the freight upon which the charges were paid, failure to make demand for the charges paid, etc., to which pleas demurrers were interposed by the plaintiff and sustained by the court.

The case went to trial on the three counts of the complaint and a plea of the general issue and two special pleas of the defendant, a denial of these two pleas and a special replication to them, a general denial of the special replication and a special rejoinder to it, and a general denial of the special rejoinder and a special surrejoinder to it. In other words, the issue before the court was an allegation by the plaintiff that his goods had not been delivered, or had been damaged, to which the defendant replied that the damage suffered had been occasioned by an act of Providence, to which the plaintiff replied that the defendant's agent, acting by authority of the defendant, had agreed with the plaintiff that the defendant would pay the damage done to the goods, provided the plaintiff would accept them and pay the freight charges. Defendant, to this reply of the plaintiff, put in issue the agent's authority to make such an agreement to bind the defendant, and in answer to this the plaintiff claimed a ratification of the acts of the agent by the defendant in retaining the money paid the agent as freight on the goods.

The appellant, while assigning each and all of the separate rulings on the pleadings as constituting separate grounds of error, does not undertake to discuss or argue in detail and separately all of these rulings. On the trial it was shown, without conflict in the evidence, that the goods were shipped to the plaintiff from New York via Mallory Steamship Line to the port of

Mobile, Ala., and thence by defendant's railroad to the point of destination, Greenville, Ala.; that the goods were taken from the steamer at Mobile and transferred by a dray to a car on the defendant's tracks in its railroad yards; and that that night (September 26, 1909) a severe tropical storm, intense in its fury and of unusual and extraordinary severity, visited the Gulf Coast, forcing the waters up out of the bay into the city of Mobile and flooding the railroad yards of the defendant company to the depth of several feet, rising to a sufficient height to run into the cars containing the goods in question in the defendant's yards, and damage the goods stored in said freight cars.

There is no contention but that the evidence establishes beyond dispute or question the unusual and extraordinary nature and unprecedented character of this rain and wind storm; and if the damage was occasioned directly and exclusively by it, through no negligence upon the part of the defendant, the proof as to the storm, etc., is sufficient to show an act of God, a fortuitous event, an unavoidable accident due to natural causes, which the defendant, by the exercise of no amount of foresight, pains, diligence, prudence, or care, reasonably could have prevented, and for which it would not be liable.

It is a settled rule of law in this state that a common carrier can limit its liability against loss occasioned by an act of God, where there is no concurring or intervening negligence on its part, where it is not at fault at the time the act of God caused the loss, and that it is not bound to provide against extraordinary and unprecedented disturbances of the elements. —*A. G. S. R. Co. v. Elliott & Son*, 150 Ala. 381, 43 South. 738, 9 L. R. A. (N. S.) 1264, 124 Am. St. Rep. 436, 40 South. 120, 5 L. R. A. (N. S.) 867, 117 Am. St.

Rep. 54, 8 Ann Cas. 308; *Smith v. Western Ry. Co.,* 91 Ala. 455, 8 South. 754, 11 L. R. A. 619, 24 Am. St. Rep. 929; *A. G. S. R. Co. v. Thomas,* 89 Ala. 294, 7 South. 762, 18 Am. St. Rep. 119; *C. & W. R. Co. v. Bridges,* 86 Ala. 448, 5 South. 864, 11 Am. St. Rep. 58; *L. & N. R. Co. v. McGuire,* 79 Ala. 395; *Coosa Steamboat Co. v. Barclay,* 30 Ala. 120; *Jones v. Pitcher & Co.,* 3 Stew. & P. 135, 24 Am. Dec. 716.

It is the appellee's contention, however, that the defendant's special pleas were not proven; that it was not shown but that the defendant was at fault when the loss occurred, for that there was an unreasonable delay in forwarding the goods after they were received by the defendant from the steamship company at Mobile, or that the damage was not shown to have been done by the flood or tidal wave; and that a reasonable inference to be drawn from the evidence was that the damage was due to a leaky car, or to the goods having been left out in the rain. We have carefully examined the evidence as set out in the bill of exceptions, and think there is no escape from the conclusion that it is firmly established by the testimony that the goods were received by the defendant from the steamship company on the afternoon of the 26th day of September, 1909, and were placed in a suitable box car in good repair on the tracks of the defendant in its yards at Mobile about 11 o'clock that same night, and that during this same night the goods were damaged by the flood waters from the storm. The receiving clerk of the defendant testified that the goods were received from the steamship company on the afternoon of September 26, 1909, and hauled on a two-horse dray to the defendant's freight yard; and the loading clerk testified that the goods were loaded into a car in good condition about 11 o'clock that same night (September

26, 1909), and that "those things were injured in that storm and on account of that storm." Several witnesses testified to the car in which the goods were placed being in good repair, and to its suitability, etc., and to the car's being sealed a short time after the goods were placed in it. It was shown, without conflict in the evidence, that in about an hour and a half after the goods were placed in the car the waters from the bay arose and rushed in over the tracks in the defendant's yards and made it impossible to move the car, due to the fact that the water had reached such a stage of inundation by this time as to put out the fire in the engine operated on the yard tracks.

The appellee's contention that the evidence having shown that only two of the four boxes comprising the shipment were damaged by water affords a reasonable inference that the damage to the two boxes, or their contents, was due to a leaky car, or to these boxes having been left out in the rain, is untenable. If such an inference as this be drawn, it must be done in the face of the positive, uncontradicted testimony of the defendant that the boxes, when they were placed in the car, were undamaged and in first-class condition; that the car was in good repair, and that the roof did not leak; and that it was closed and sealed in a very short time after the goods were placed in it. Besides, the evidence was to the effect that the water overflowed the floors of the freight car about seven inches; and the reasonable inference to be drawn from this fact, in connection with the fact that the contents of two of the boxes were saturated with water, and that two were not injured by water at all, but were dry, would be that the two boxes damaged were on the floor of the car where the water reached them, while the other two were piled on other boxes, where they would not be

affected by the flood waters that overflowed the car floor. The whole evidence drives to the irresistible conclusion that the damage was caused by an act of God, without the defendant being at fault at the time such act occasioned the loss, or previously.

On the issue made by the plaintiff's complaint and the defendant's special pleas setting up that the damage was due solely and entirely to an act of God, the defendant was entitled to the general charge. And, as conceded by the appellee, this is the main question for the court to decide in this case.

The plaintiff's replication setting up an agreement entered into between the plaintiff and the defendant's depot agent, whereby the plaintiff received the goods under an alleged agreement that the defendant would pay the damages, is not sustained under the issues made by the replication and the defendant's rejoinder, denying the agent's authority to make the agreement. The plaintiff testified that the depot agent told him that he (the agent) would recommend to the proper officers of the defendant, having such authority, that settlement be made and the claim paid, but that he had no authority to settle or to pay it. The defendant's rejoinder to the replication having been proven, and the plaintiff's replication having failed on the proof, the plaintiff's surrejoinder, setting up a ratification of the agreement relied upon and set up in the replication, must fail, having nothing upon which to rest. Besides, the mere fact alone that the defendant accepted and retained the proper freight charges, as alleged in the replication, does not preclude the defendant from setting up the special defense pleaded, or estop it from showing an exemption from responsibility because of the loss having been caused by an act of God. It is the duty of the consignee to pay the freight charges and receive the

goods, even if damaged or some of the articles missing.—*C. of G. Ry. v. Montmollen,* 145 Ala. 468, 39 South. 820, 117 Am. St. Rep. 58.

Conceding, then (which it is not necessary for us to consider, and which we do not decide), that there is no error in the rulings made on the pleadings, the general charges requested by the defendant, on the issues as formed, should have been given on each count of the complaint.

Reversed and remanded.

### On Application for Rehearing.

Our attention is called, on application for a rehearing, to the fact that the defendant was not entitled to the general charge on the first count of the complaint, which alleged a failure to deliver, because the plaintiff's evidence tended to show a failure to deliver was not due to the storm causing the injury to the other goods received by the plaintiff in a damaged condition. The point made is well taken; but, had the court given the general charge for the defendant on this count, it would have been without injury, for the reason that the amount of the moneyed demand for which suit was brought had not been reduced by a set-off successfully made by the defendant, and the amount of recovery ($29) was for a less sum than that of which the court had jurisdiction.—Code 1907, § 5355; *Smith et al. v. Allen,* 142 Ala. 148, 37 South. 933.

The opinion is modified to conform to this ruling, and the application of the appellee for a rehearing is overruled.

Overruled.