# Hill *v.* Southern Railway Company.

### *Treating Live Stock.*

(Decided November 21, 1912.   60 South. 450.)

1. *Corporations; Representation by Agent; Scope of Authority.*— One dealing with a large corporation having a large number of agents is compelled to rely on the apparent authority of the agent which may be said to be that authority which the principal has held the agent out as possessing, or which he regularly and habitually exercises in transacting the business of his principal, or which the principal has permitted the agent to represent that he possesses, and which the principal is estopped to deny.

2. *Carriers; Freight; Agent; Scope of Authority.*—It is not the implied duty of a freight agent to have a veterinary surgeon treat injured live stock as an incident of the delivery to consignee; it being his duty to deliver and the consignee's duty to receive the shipment as it was when it came into his possession.

3. *Same; Evidence.*—In an action by a veterinary surgeon against a carrier for services rendered in treating a shipment of horses, the evidence examined and held not to warrant a finding that a freight agent had either express, apparent or implied authority to bind defendant on such a contract.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Action by J. C. Hill against the Southern Railway Company for treating a shipment of horses for injuries received. There was judgment for plaintiff, which on

[Hill v. Southern Railway Company.]

motion was set aside and a new trial entered. From an order granting a new trial plaintiff appeals. Affirmed.

TATE & WALKER, for appellant. Under the evidence it is a question for the jury to determine whether or not the agent McGuirk had authority to bind appellee. —31 Cyc. 1340; *Syndicate I. Co. v. Catchings,* 104 Ala. 105; *B. & A. M. Co. v. Cody,* 135 Ala. 628; *Robinson v. Actna I. Co.; Montgomery F. Co. v. Hardaway,* 104 Ala. 115; *Louisville C. Co. v. Stokes,* 78 Ala. 375; *Singer M. Co. v. McLean,* 105 Ala. 322; *Tenn. R. T. Co. v. Cavanaugh,* 101 Ala. 11.

KNOX, ACKER, DIXON & STERN, for appellee. The only authority the agent had, and the only duty imposed was that he deliver the goods to the consignee who was bound to receive them in the condition in which they were.—*C. of G. v. Montmollen,* 145 Ala. 468. Where acts are done outside of the apparent authority of the agent it will be presumed to have been done without authority.—1 Elliott on Railroads, sec. 220; 70 Mo. 672; 20 Mo. App. 632. An agent's authority to do an act cannot be proven by the mere fact that he has done another such act.—*L. & N. R. R. Co. v. Gilmer,* 89 Ala. 53; *Huntsville R. R. Co. v. Corpening,* 97 Ala. 687; *Reynolds v. Collins,* 78 Ala. 94. On these authorities there was no scope for the doctrine of apparent agency. Where there is a proper ground for granting a new trial set out in the motion, the fact that the court granted it on improper grounds will not work a reversal.—*Choate v. A. G. S.,* 170 Ala. 590.

PELHAM, J.—The trial court granted the appellee's motion for a new trial because in the opinion of that court there was no evidence of the authority of appel-

lee's agent to bind it by contract, and make it responsible to appellant for the care of certain live stock. The appeal is from the order granting the motion for a new trial.

The appellant as plaintiff below recovered a judgment against the appellee for $457.67 for services rendered by him as a veterinary surgeon for treating and caring for certain injured live stock. The stock in question were shipped from Grand Island, Neb., to Ingram & Co. at Anniston, Ala. The stock was in an injured condition when turned over to the defendant company at Birmingham, Ala., as a connecting carrier, the damage having occurred to the animals prior to their receipt by the defendant company while in transit over other lines of railroad. Upon arrival in Anniston, the stock (horses) were not in good condition, and considerable discussion was had between the consignee, Ingram & Co., and the agent of the Southern Railway Company, the appellee, with reference to the matter. The tendencies of the plaintiff's testimony go to show that the agent of the railroad company, McGuirk, told the consignee to take the horses and have them treated and bring the bill to him, and that the Southern Railway Company would pay the bill. McGuirk, the agent, testified that he told the consignee that it was his (the consignee's) duty to take the stock and care for them, and that, if he did this, an exception would be made on the bill, and forwarded to the company liable for the injury. McGuirk was shown to be the local freight agent of the appellee at Anniston, Ala., in charge of the company's business in receiving and delivering freight at that point. There was no other agent of the company higher in authority than McGuirk located at Anniston charged with the duty of attending to the freight business of the defendant. It was the appellee's con-

[Hill v. Southern Railway Company.]

tention on the trial, and the motion to set aside the verdict was principally based on the ground that no evidence was introduced to show that the defendant's freight agent, McGuirk, had authority to bind the company to a contract, whereby it would be bound to pay for the care and treatment of the stock by a third party.

It is elementary that a principal is only responsible for acts of his agent performed within the scope of his authority, and that, to hold the principal to such responsibility, a third party in dealing with the agent must ascertain his authority, and know that he is acting within the apparent scope of his authority. It is not difficult for persons dealing with one assuming to act as the agent of a private individual to ascertain the nature and extent of his authority, but in dealing with an agent who is one of a great number of authorized agents of a large corporation a different condition is presented, and the public in dealing with such an agent is compelled to rely upon the apparent authority of the agent, which is that authority which the principal has held the agent out as possessing, or which he regularly and habitually exercises in transacting his principal's business, or which the principal has permitted the agent to represent that he possesses and which the principal is estopped to deny. When a third party, in dealing with an agent, has ascertained the apparent authority with which the principal has clothed the agent, he is under no further obligation to inquire into the agent's actual authority, but the authority of the agent to bind the principal must have been actually apparent, and the party dealing with him must have dealt with the agent in good faith relying on such authority in the exercise of reasonable prudence.—*Montgomery Furniture Co. v. Hardaway,* 104 Ala. 100, 16 South. 29; *Singer Mfg. Co. v. McLean,* 105 Ala. 316, 16 South. 912;

*Patterson v. Neal,* 135 Ala. 477, 33 South. 39; *Gibson v. Snow Hdw. Co.,* 94 Ala. 346, 10 South. 304. There is no pretense that the evidence in this case showed any express authority conferred on the agent, McGuirk, to make the contract in question, and the apparent authority with which the agent was clothed was to receive and deliver freight for the railway company, including, of course, the implied authority to do everything that might be necessarily incident to the transaction of that business.

There is some evidence in the record that the defendant company's agent, McGuirk, on certain occasions, repaired the damage to freight boxes and crates received in an injured condition, and that he authorized a cabinet maker to repair the damages to some pianos amounting to a few dollars. And there is also evidence that the agent paid Ingram & Co. a claim made for injuries to a mule, but the question of estoppel is not presented by the facts set out in the record, for it is not shown that these matters were known and relied upon in good faith by the plaintiff as former transactions of the agent showing the extent of his agency or implied authority to make the contract in question; for these transactions are shown either not to have been known to the plaintiff, or as happening in point of time subsequent to the events relating to the contract sued upon. McGuirk, the agent, testified that his authority to settle claims for damage or injury was limited to $50, that the claim for the injury to the mule testified to was submitted to and passed upon by his superior officers in Washington, the principal office of the defendant company. This evidence of the agent was undisputed. Nor was it shown that the agent in his course of dealing as such agent had done anything to lead the plaintiff to believe that he had authority to

make the contract in question, or that the plaintiff, from anything he knew of the ordinary, customary, and usual course of business transacted by the agent, had any ground for the belief that McGuirk had authority to make the contract. The injury to the stock occurred before the defendant company received them, and the defendant was not responsible for the damage, or, at most, this was a disputed question, and liability was denied. Under such circumstances, it was not reasonable for the plaintiff to indulge the belief that the defendant's agent would be authorized to incur a liability against the defendant of $400 for the care and treatment of the injured stock.

It cannot be successfully contended that it was part of the implied duty of a freight agent to have the stock treated by a veterinary surgeon as an incident of the delivery by him of the shipment to the consignee. It was McGuirk's duty as the defendant's freight agent to deliver the stock, and to do anything necessary in the performance of this duty, but clearly it was not his duty to employ a veterinary surgeon to treat them before delivery; on the contrary, it was his duty to deliver the shipment as it came into his possession, and it was the duty of the consignee to receive the stock, even thought in an injured or damaged condition.— *L. & N. R. R. Co. v. McKenzie*, 5 Ala. App. 605, 59 South. 345; *C. of Ga. Ry. Co. v. Montmollen*, 145 Ala. 468, 39 South. 820, 117 Am. St. Rep. 58.

The motion for a new trial was properly granted, as there was no evidence authorizing a finding by the jury that the agent, McGuirk, had express, apparent, or implied authority that would bind the defendant and make it liable on the contract of a third party for care and treatment of the stock.

Affirmed.