[Northern Alabama Railway Co. v. Wilson Mercantile Co.]

# Northern Alabama Railway Co. *v.* Wilson Mercantile Co.

### *Assumpsit.*

(Decided June 13, 1913. .Rehearing denied June 27, 1913.
63 South. 34.)

1. *Carriers; Recovery of Freight Charges; Difference Between Rate Charged and Legal Rate.*—A carrier may recover the difference between the freight rate charged and received on an interstate shipment, and a higher published rate filed with and approved by the Interstate Commerce Commission, although the schedules have not been posted as required by U. S. Compiled Statutes Supplements 1911, p. 1289.

2. *Limitation of Action; Open Account; Last Item.*—An action to recover freight charges is not barred by section 4838, Code 1907, as an action on open account, where it was not shown that it had been more than three years since the last charge for freight between the parties under a custom of presenting such bills for settlement every two weeks.

3. *Same; Open Account; What Constitutes.*—Within the statute of limitations an open account is one which some item of the account is not settled, whether the account consists of one or many items, and it is immaterial whether it is stated or reduced to writing; a demand which is certain in all its terms never constitutes an open account.

4. *Same; Freight Charges.*—Freight charges between a railroad company and a consignee do not constitute an open account within the statute of limitations relative thereto, since the law fixes freight rates, and also the duty of the company to deliver the freight and of the consignee to pay the charges, and a contract of shipment is thus certain in all its terms.

APPEAL from Franklin Circuit Court.

Heard before Hon. C. P. ALMON.

Action by the Northern Alabama Railway Company against the Wilson Mercantile Company. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

The suit was to recover $19.59 on a car load of wagons from Racine, Wis., to Russellville, Ala., on October 24, 1907, the published rate being 57 cents per 100 pounds,

and that the car was billed at its minimum weight of 25,000 pounds, making the freight on said car load of wagons between said two points $142.50; that defendant paid on said freight bill on November 1, 1907, $135.41, and on or about January 3, 1908, plaintiff's agent at Russellville, without authority, repaid to defendant the sum of $12.50 on said freight charges, and it is alleged that defendant owes the plaintiff the sum of $19.59, with interest from the 1st day of November, 1907. The pleas were the general issue and the statute of limitations of three, four, and six years.

CHENAULT & CHENAULT, J. T. STOKELY, and R. H. SCRIVENER, for appellant. The shipment was an interstate shipment.—202 U. S. 543; 106 U. S. 447; 158 Fed. 931; 168 Fed. 542. It is therefore too clear for argument that plaintiff was entitled to recover.—*L. & N. v. McMullen,* 59 South. 683, and cases there cited. The account was not an open account, and therefore, not subject to the statute of limitations as such.—*Shepherd v. Wilkins,* 1 Ala. 62; *Carruthers v. Mardis,* 3 Ala. 599; *Goodwin v. Harrison,* 6 Ala. 538; *Mims v. Studdiford,* 18 Ala. 359; *Battle v. Redix,* 68 Ala. 151; *N. O. O. & G. R. R. Co. v. Lindsey,* 71 U. S. The contract was certain in its terms and hence, could not be an open account. The failure to post does not deprive plaintiff of its right of action, nor could it give its agent authority to violate the law by giving defendant a freight rate different from the lawful charge.—*L. & N. R. R. Co. v. McMullen,* supra.

WILLIAMS & JONES, for appellee. If appellant had complied with the law they would have been entitled to recover, but having failed to post and promulgate as required by 3 Fed. St. Ann. p. 828, they cannot com-

plain if a different contract was entered into and a smaller rate collected than that filed and approved.— *So. Ry. v. Harrison*, 119 Ala. 593; *Gulf Ry. v. Hefley*, 108 U. S. 101; s. c. 185 U. S. 98; *Atl. R. R. Co. v. Horn*, 106 Tenn. 73.

PELHAM, J.—The evidence without conflict shows that the amount the appellant as a common carrier brought suit to recover of the appellee represented the difference between the amount paid by the appellee as the consignee, and accepted by the appellant, for freight on a certain shipment at the rate charged and collected at the time, and the sum due as a proper freight charge, based on the rates shown in the schedule of rates filed with the Interstate Commerce Commission in force at ·the time the shipment was made. It is not contended but that the applicable published legal rate, according to the tariff of rates filed with and approved by the Interstate Commerce Commission, will control, notwithstanding a different rate was made and collected by the carrier through mistake, or otherwise, and that the carrier can recover the difference where there has been an underpayment.—*L. & N. R. R. Co. v. McMullen*, 5 Ala. App. 662, 59 South. 683. It is shown by the evidence in this case that the legal rate was operative as applied. to the shipment in question. It appeared without contradiction that the schedules embodying this rate had been filed with the commission and published, and were in force at this time. It would not affect the rights of the parties that the schedules had not been *posted*, as required by section 6 of the act to regulate commerce (Act March 2, 1889, c. 382, 25 Stat. L. 855 [U. S. Comp. St. Supp. 1911, p. 1289]),—*Kansas City So. Ry. Co. v. Albers Com. Co.*. 223 U. S. 573, 32 Sup. Ct. 316, 56 L. Ed. 556; *United States v. Miller*, 223 U. S. 599, 32 Sup.

Ct. 323, 56 L. Ed. 568; *Texas & Pac. Ry. v. Cisco Oil Mill*, 204 U. S. 449, 27 Sup. Ct. 358, 51 L. Ed. 562. The case was tried before the court without a jury, and the defendant pleaded the statute of limitations of three years, among other pleas interposed, and it was shown, without conflict in the evidence, that the transaction in which the unauthorized rate was paid on the shipment in question occurred more than three years before the commencement of this suit. It is the defendant's contention on this proposition that the claim sued upon is an open account, and is therefore barred by the statute of limitations of three years.—Code, § 4838.

What is an open or unliquidated account, within the meaning of the statute, under the issues involved becomes a pertinent inquiry. It was shown by the evidence that the plaintiff railroad company had a custom of presenting all freight bills through its agent to the defendant for settlement about every two weeks, and in settling the item of freight on this particular shipment the agent calculated, upon his attention being directed to the matter by the defendant, that in applying the rates he understood to be in force a mistake had been made, and an adjustment was made, and a part of the amount originally paid by the defendant was rebated or repaid to it. Thus the matter remained for something over three years, until it was discovered that the amount paid and collected on the shipment (an interstate transaction) was less than the legally authorized rate, and this suit, as we have stated, was brought to recover the difference between the amount collected and the amount fixed as the legal rate in the tariff of rates filed with the Interstate Commerce Commission applicable to the shipment.

Even if, under the custom shown, of presenting bills and making payment, the account should be considered

as an open or running account between the parties the
limitation would not commence to run until the date of
the last item (closing the account), and it is not shown
when, if at all. the accounts for freight between these
parties were closed, or that the last item of the account
under this custom of settling the freight bills was more
than three years before suit was commenced. Before
the defendant would be entitled to a judgment under its
plea of the statute of limitations of three years, the facts
must be made to appear showing the bar.

Considering the proposition of whether the freight
charge was an open or unliquidated account within the
meaning of the statute, it is to be taken into considera-
tion that it was the duty of the agent of the railroad
company to deliver the freight to the defendant as the
consignee, and it then became the duty of the defendant
to receive the shipment and pay the proper freight
charges. These are duties imposed by the law.—*Hill v.
So. Ry. Co.*, 60 South. 450; *L. & N. R. R. Co. v. McKen-
zie*, 5 Ala. App. 605, 59 South. 345. A demand cannot
be regarded as an open account where there is a con-
tract certain and fixed in all its terms, which is the
foundation of the claim.—1 Cyc. p. 363, D; *Railroad Co.
v. Lindsay*, 4 Wall. 650, 18 L. Ed. 328. In this case the
demand was based on a contract of shipment, and the
amount payable as freight was a definite, certain, fixed
sum—fixed by law. The qualifications which the law
imposed determined the respective liabilities of the par-
ties, and, the demand being ascertained and fixed by
law, it is not an open account against which the statute
of limitation of three years will run as a bar.—*Carville
v. Reynolds*, 9 Ala. 969. An account is not necessarily
an open one because it has not been stated or reduced to
writing, if its terms are fixed and certain.—*Maury's
Adm'r v. Mason's Adm'r*, 8 Port. 230. An open account

is one in which some term of the contract is not settled, and remains open for adjustment, whether the account consists of one item or many. "For example, if a number of articles be sold and delivered at the same time, and the price, amount, and time of payment agreed on, this would not be an open account, because all the terms of the contract are agreed on and settled. On the other hand, if a single article be sold and delivered, and the price or time of payment be left in uncertainty —this is an open account, because there is a term of the contract to be ascertained—the account is therefore unliquidated; it is open."—*Shepperd v. Wilkins,* 1 Ala. 62. The account in this case was for the freight charge *at the legal rate* on the shipment that had been received by the defendant. The law imposed a duty and implied a promise to pay this charge; the amount was not dependent on any future liquidation or settlement between the parties, but followed as a legal consequence from accepting the shipment of freight.—*Caruthers, etc., v. Mardis' Adm'rs,* 3 Ala. 599. The claim was based on a contract of shipment, no term of which was open for adjustment or settlement between the parties, but all the terms of which were certainly and definitely fixed by law, and it was therefore not an open account within the meaning of the law.

Our conclusion is that, under the evidence before the court, the plaintiff was entitled to recover, and that the court erred in finding for the defendant and in entering judgment in its favor.

Reversed and remanded.