LANCASTER et al. v. FUTRELL.　(No. 2220.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 5, 1920. Rehearing Denied Feb. 19, 1920.)

RAILROADS ☞17—STATION AGENT WITHOUT AUTHORITY TO CONTRACT FOR BOARD OF INJURED ANIMAL SHIPPED.

A station agent has no apparent authority to bind the railroad by a contract to board and lodge a mule which was part of a shipment and was injured while in the railroad's possession.

Appeal from Red River County Court; R. J. Williams, Judge.

Action by Ed Futrell against Lancaster and Wight, receivers of the Texas Pacific Railway, and others. Judgment for plaintiff, and defendants appeal. Reversed and rendered.

After a bunch of mules shipped by Hooker & Tucker over the Texas & Pacific Railway had been unloaded into said company's stock pens at Detroit, the destination of the shipment, but before the mules were delivered to the consignees, one of them was found to be severely injured. The station agent of the carrier at Detroit, one Robinson, having employed a veterinarian, one Brukleo, to treat the injured mule, the animal was turned over to appellee, a liveryman, for board and lodging while it was being treated. Appellee kept and cared for the mule 300 days. During part of that time said railway was operated by the appellant receivers, and during the remainder thereof by the federal government through its Director Generals of Railroads. By his suit appellee sought and recovered judgment against the receivers for the sum of $1 per day for the part of the 300 days they had charge of the railway, and against the appellant Director General of Railroads, Walker D. Hines, for a like sum per day for the part of the 300 days the federal government had charge of it. The appeal is by both the receivers and the Director General.

R. S. Shapard, of Dallas, and Head, Dillard, Smith, Maxey & Head and J. F. Holt, all of Sherman, for appellants.

Carl W. Johnson and B. C. Jones, both of Clarksville, for appellee.

WILLSON, C. J. (after stating the facts as above). Appellants insist, and we agree, that testimony merely (and there was none other as to the authority he possessed) that Robinson was the carrier's station agent at Detroit, did not warrant a finding that he had authority to bind them by a contract with appellee to board and lodge the mule. Hill v. Railway Co., 6 Ala. App. 488, 60 South. 450; 1 Elliott on Railroads, §§ 211, 214, 216, 303; 4 Elliott on Railroads, § 2895; Railway Co. v. Bryan, 60 Ind. App. 223, 110 N. E. 218; Railway Co. v. McVay, 98 Ind. 391, 49 Am. Rep. 770; Sevier v. Railway Co., 92 Ala. 258, 9 South. 405; Railway Co. v. Beatty, 35 Kan. 265, 10 Pac. 845, 57 Am. Rep. 160. In the case first cited above the question was as to the authority of the carrier's local freight agent at Anniston, Ala., in charge of its "business in receiving and delivering freight at that point," to bind it by a contract with a veterinarian to treat and care for certain injured horses. There it was not pretended, and we think it reasonably cannot be here, that the testimony showed express authority in the agent to make the contract in question. There, as here, the apparent authority with which the agent was clothed "was to receive," quoting from the opinion in that case, "and deliver freight for the railway company, including,

of course, the implied authority to do everything that might be necessarily incident to the transaction of that business," and as applicable to this case as well we quote further from the opinion of the court in that one:

"It cannot be successfully contended that it was part of the implied duty of a freight agent to have the stock treated by a veterinary surgeon as an incident of the delivery by him of the shipment to the consignee. It was Mc-Guirk's duty as the defendant's freight agent to deliver the stock and to do anything necessary in the performance of this duty, but certainly it was not his duty to employ a veterinary surgeon to treat them before delivery; on the contrary, it was his duty to deliver the shipment as it came into his possession, and it was the duty of the consignee to receive the stock, even though in an injured or damaged condition."

A difference between that case and this one lies in the fact that the plaintiff there sought. a recovery for his services as a veterinarian in treating and caring for the horses, while here the plaintiff sought a recovery for boarding and lodging the mule. But we think the difference does not weaken that case as authority here; for we think it cannot be doubted that, if the services there performed were not within the apparent scope of the agent's authority, the services here performed were not. Another difference between that case and this one lies in the fact that in that one the animals were not injured while in the defendant's possession, but while they were in the custody of a connecting carrier; while here it appeared that the mule was injured while in the possession of the appellant receivers. But we think the difference is not one which makes the reasons controlling in the disposition of that case inapplicable to this one. It is not clear on principle that, in the absence of other testimony of a person's authority than that to be inferred from proof merely that he was the carrier's station agent, it should be held in any case that such person could bind the carrier by a contract like the one in question here. If it should be so held in any case, we take it it would only be in one where it was made to appear, and it was not in this one, that an emergency existed which demanded action by the carrier before the station agent could communicate with his superior officers. Such seems to have been the conclusion reached by the court in Railway Co. v. Bryan, cited above. There a physician was employed by the carrier's station master to treat a person who had been dangerously injured by the carrier's employés while trespassing on its tracks. Discussing the question made as to the power of the station master to bind the carrier by a contract to pay the physician for his services in treating the injured man, the court said:

"It is undoubtedly true that on ordinary occasions, and at times when a superior officer was in reach, a station master could not bind the railroad company to pay for medical services. But when an employé is injured by a railroad train, and immediate attention is demanded in order to save life or prevent a great injury, in this pressing and imperious need it is held that, when the highest officer of the corporation present engages a physician, the emergency has created in him an authority to bind the company to pay for such services as the emergency demands, and no more."

The judgment will be reversed, and judgment will be here rendered that appellee take nothing by his suit against appellants.